'Cowen, J.
By the Court, From the frequent allusion made by the plaintiffs’ main, and indeed I may almost say, only witness, it seems to have been thought that, in the absence of fraud, of which there was no direct proof, an express warranty of quality was necessary to lay a foundation for the defence ; and I am inclined to think the referees must have entertained this opinion, though that is not said directly, nor probably could it be, as the case comes here on the affidavit of the defendant’s counsel.
Whether it was so or not, the law is clearly otherwise. It is not necessary to deny, that, had the beer been already brewed and specifically sold, and the property passed in prcesenti, the transaction amounting to what is called an executed sale, an express warranty would have been necessary. I rather think it would, as the doctrine of warranty stands with us, notwithstanding the article might have been understood as being of the plaintiffs’ own manufacture. Hart v. Wright, 17 Wend. 267, 269. 18 id. 449, S. C. on error, and the cases there cited; and vid. Chanter v. Hopkins, 1 Jurist, 251, Halst. and Voorh. ed. Though where it appears that the article sold is designed for a particular market or purpose, and so treated by both parties, as here, there may be great doubt whether a present sale would not raise a warranty, that the article should answer the end in view. The authorities to this point, are cited in the course of Hart v. Wright; and I shall not go over them. But in the course of that very case, and by all the cases I have seen, it stands conceded, that, where the contract is executory, or, in other words, to deliver an article not defined at the time, on a future day, whether the vendor have an article of the kind on hand, or it is after-wards to be procured or manufactured, the promise cannot be compelled to put up satisfied with an inferior commodity. The contract always carries an obligation that it shall be at least merchantable — at least of me- [ *352 ] dium quality or goodness. If ‘it come short of this, it may be returned, after the vendee has had a reasonable time to inspect it. 17 Wend. 277, and books there cited. 18 id. 462, 3. And it is sufficient, entirely to defeat the sale, if there be notice to take it back, assigning the true causer Fisher v. Samuda, 1 Camp. 190. Hayden v. Hayward, id. 180. Holcomb v. Hewson, 2 Camp. 391. 2 Kent's Comm. 479, 3d ed. Per Woodworth, J. in Sweet v. Colgate, 20 John. 204; and vid. Per Lord Abinger, in Chanter v. Hopkins before cited. Holcom v. Hewson, was a contract in general terms, by the defendant a publican, to take all his *352 beer of the plaintiff. The latter furnished him with very bad beer from time to time, till his customers had nearly all left him ; in consequence of which, he was obliged to deal with another brewer. The obligation to furnish good beer, was treated as making a part of the contract, by Lord Ellenborough ; and the plaintiff was non-suited. Fisher v. Samuda, conceded the same principle. There the action was on an executory contract, to furnish beer fit for the Gibraltar market. Breach that stick beer was not furnished. The plaintiff failed only on the ground that he had kept the inferior article, without giving notice or returning it as he might have done, till after the ordinary season for marketing it was past. Beside, he had not kept it in a proper place. He was therefore holden to have accepted it, in fulfilment of jbhe contract to deliver, or rather to have waived all objection.
It is said in Bacon's Abr. Tender. (R), pl. 2, “ It seems reasonable, that a tender of any sort of goods should, unless they are to be delivered according to some sample, be made in a middling kind of goods of the sort.” This subject is well considered by Mr. Chipman, in his Treatise on Contr. p. 32, et seq. on principles that are universally understood, namely, that where there is a contract to deliver an article, e. g. a note for one hundred bushels of wheat, merchantable or marketable quality is always intended by the parties; such as would bring the average market price at least. Per Nelson, J. in Gallagher v. Waring, 9 Wendell, 28, S. P. Suitableness enters into every promise to deliver articles of manufacture. A man orders a garment ’’or a pair of shoes for himself; would any [ *353 ] one imagine that, because no express warranty of fitness was made, either could not be returned, or a recovery resisted, after notice to take it back, provided it failed in reasonably fitting the intended wearer ? With regard to performing or tendering a thing under executory contracts of this kind, Mr. Chipman very properly refers to what Puthier says of contracts for delivering an indeterminate thing.of a particular kind, where, as he says, every individual comprised in the specified class is in, facúltate solutionis ; but must be good, lawful, merchandizable, of suitable quality, good and sufficient in its kind, i. e. it should not have any remarkable defect. I use the words found in and illustrated by different parts of article 283, in pt. 2, ch. 3, § 1, if Path, on Obl. 1 Ev. Path. 167, Loud. ed. of 1806. For as to this class of contracts, it may be said that the English law, and therefore our own, agrees with the continental or Roman law, the rule of which, in relation to all sales, both executed and executory is caveat venditor, not caveat emptor. Wright v. Hart, 18 Wend. 453. Waring v. Mason, id. 432, 3. per Walworth, Ch. The common law will, I think, be found to have acted universally on the former rule in respect to executory sales, or more properly speaking, agreements to make sales of indeterminate things ; though I do not find any case expressly holding the distinction. In short, there is always a warranty or promise implied that the indeterminate *353 thing to be delivered should, at least, not have any remarkable defect; though the rule of the common law is clearly otherwise in respect to what is properly denominated a sale. The statute of frauds extends to both classes-of contracts; but the reason of that has no application to the question of warranty.
In the case at bar, notice was presently addressed to Which ; but instead of inquiring into the matter, and attempting to set it right, the plaintiffs preferred to bring their action. They had a right to do so, but run the risk of being reduced to a quantum meruit. The defendant was not bound to return the beer. King v. Paddock, 18 Johns. R. 141, 144. [ *354 ] It was the business of the plaintiffs, after notice, *to make such disposition of it as they should be advised, either fetching it back or reselling it at New-Orleans. Having sued, they are entitled to no more than it was reasonably worth if it was not fit for the New-Orleans market. Its worth, as I think the evidence before us shows, was little or nothing, by reason of its quality not coming up to the contract ; and this is too clear for us to feel satisfied with a report for the full value.
Report set aside ; costs to abide event.