By the Court. Hoffman, J.
The first question is, whether the sale note, of itself, and without any extrinsic testimony, implies a representation and condition that the walnuts were and should be merchantable.
The next question relates to the admissibility of the evidence as to the terms of sale.
1. It is not to be denied that the rule of the common law, caveat emptor, is adopted in this State in its utmost strictness, as to all executed sales. The case of Hart v. Wright (17 Wendell, 267, and 18 Wendell, 449) has fully settled this point.
Yet this rule, as enforced in our tribunals, is not without exceptions. Thus if goods are ordered from a manufacturer to be made for a special purpose, there is an implied engagement that they shall answer such purpose. And so when provisions are purchased for consumption, and not for sale as merchandise, their proper quality is guaranteed.
2. But the contract in the present case was conditional and executory. It resembles in this particular, the case of Shields v. Bettie (2 Sand. 262; 4 Comstock, 122). There the article to be sold was “ 150 tons of Gartshemi pig iron, No. 1, at $29 a ton, on board the Siddons.” The vessel was then at sea. The iron turned out, on its arrival, not to be of the quality described. The Court below held that, the contract was to sell and deliver iron to arrive; that is, it was an agreement to deliver Gartshemi pig iron, No. 1, if any iron of that description arrived in the ship Siddons, on the voyage she was then making. It was settled that such a contract was conditional.
That proposition is substantially repeated in the opinion of Hurlbut, Justice, in the Court of Appeals.
' In Howard v. Hoey (23 Wendell, 350), the contract was for ale, to be sent to the South, and to be good and merchantable, without any warranty against sourness. It was brewed after the contract, and sent South, where it proved ropy, sour, and wholly unfit for use.
The Court considered that had it been brewed, and specifically sold, an express warranty would have been necessary. ( Wright v. Hart, 17 Wendell, 267; 18 Ibid. 449.) Justice Coweh then *487 proceeded to state the rule: That where the contract is executory, or, in other words, to deEver an article not defined at the time, on a future day, whether the vendor has an article of the kind on hand, or it is afterwards to be procured, or manufactured,, the promisee cannot be compelled to put up with an inferior article. The contract always carries an obEgation that it shaU be at least merchantable; at least of medium quaEty or goodness. The learned Judge proceeds with a critical examination of numerous authorities, and concludes: That as to executory contracts, it may be said, that the English law, and therefore our own, agrees with the Continental or Roman law, the rule of which, in regard to all sales, both executed and executory, is “ Caveat Venditor,” not “ Caveat Bmptor”
In Hargous v. Stone (1 Selden, 86), Justice Raise, in deEvering the opinion of the Court, observed: “Executory contracts of sale do not depend upon the same principles as executed contracts of sale. The doctrine of impEed warranty has properly no appEcation to the former. Where a contract is executory, that is, to deEver an article not defined at the time, on a future day, whether the vendor has at the time an article of the kind on hand, or it is afterwards to be procured or manufactured, the contract carries with it an obEgation that the article shaE be merchantable, at least of medium quality or goodness.” (Citing 23 Wendell, 351; 17 WendeH, 277; Chanter v. Hopkins, 4 Meeson & Welsby, Exch. 399.) “But, if the article is, at the time of the sale, in existence, and defined, and is specificaEy sold, and the title passes in presentí to the vendee, the transaction amounts to an executed sale; and, although there is no opportunity for inspection, there wiE be no impEed warranty that the article is merchantable.”
There are other authorities which may be usefully referred to.
In Bridge v. Wain (1 Starkie, 504), an order was given for a quantity of “ scarlet cuttings,” to be shipped on the purchaser’s account, to China. An inferior article was sent on board which was unsaleable in China, and did not correspond with the article known in the trade as scarlet cuttings. The purchaser was held entitled to recover damages, on the ground of the impEed warranty, which the acceptance of his order involved.
This case is, indeed, open to the observation that the trades *488 man, like a manufacturer, knew the nature of the article he sent, and that the purchaser trusted to him.
Gardiner v. Gray (4 Campbell, 144). A purchaser bought in London twelve bags of “ waste silk,” then on its way from the Continent, and directed it to be sent to Manchester. It was held that there was an implied undertaking to furnish an article fairly corresponding with the description; and an action was sustained for damages, by reason of the article being an inferior commodity, not saleable in the market, under the denomination of waste silk.
I cite this case as bearing upon the present question, notwithstanding the severe criticism of Mr. Justice Cowen upon it in Hart v. Wright (17 Wendell, 272). It has not been noticed that the article was, at the time of the sale, on the way from the Continent.
Laing v. Fidgeon (6 Taunton, 108), is fully approved in Jones v. Bright (2 Moore & Payne, 155). Saddles were ordered as “ goods for North America, 3 dozen single flap saddles, 24s, to 26s, with cruppers, &c.” It was proved that they were of very inferior quality, and unmerchantable. It was held, that though there was no express contract that the article should be merchantable, it resulted from the whole transaction that it was to be so.
In the ease of Hyatt v. Boyle (5 Grill & Johnson, 110), treated by Justice Cowen as a well considered case (17 Wendell, 274), the Court say: “ The exception to the rule of caveat emptor, arising from the want of opportunity to inspect, does not apply to cases like the present, but to those where the examination at the time of sale is, morally speaking, impracticable, as where goods are sold before their arrival on landing.”
It is true, Justice Cowest doubts as to even this relaxation of the rule. But he is speaking of executed contracts of sale, for he himself laid down the law as to executory contracts, in Howard v. Hoey, 23 Wind. 350. Indeed he concludes his judgment in Hart v. Wright (supra) as follows:
“ A contract to deliver goods generally of a certain description, is another matter. There the contract is executory, and the vendee may take his ground on a defective article being tendered. He has doubtless a right to insist that it shall be *489 merchantable; and if it prove not to be so, after he shall have taken a reasonable time to inspect it, he may return it.”
What is the meaning of the phrase used by both Justice Cowem and Justice Paige, “the article undefined,” “not defined,” or, “undetermined?”
The case of Field v. Moore, (Lailor’s Supplement to Hill & Denio, p. 418) furnishes.a satisfactory explanation. The sale was of 1000 flour barrels at 22 cents. The purchaser was shown barrels in the warehouse of the seller, of different kinds, and one pile of about 2000 barrels in a particular spot. It was signified that he would take the barrels out of this parcel. The question was whether the title to any one thousand barrels had passed.
Beardsley, Justice, said, “Identity in the subject of a sale is indispensable. A sale is an executed contract by which the right of property is transferred from the seller to the buyer. The thing sold must, therefore, be specific, ascertained, and identified. Where the thing agreed to be sold is not thus ascertained, and identified, but is thereafter to be selected and delivered, there is not strictly speaking, a sale, but a special agreement to be executed in future. Such a contract conveys no present title or property to the one who agrees to purchase; his whole right is in action.”
In the present case the complaint states that the plaintiffs, being in expectation of receiving a large quantity of French walnuts, by the ship Helen C. Miller, agreed to sell 25 bags of the walnuts so expected; and this part of the complaint may be treated as admitted. The witness Paddock states that he showed the defendant McPherson, the whole pile of nuts on the wharf, landed from the vessel; that there were one hundred bags of them, and told him he could have any he wished.
The case is then made out of a contract of sale purely conditional and executory; of the sale of an article then about being shipped at a foreign port, or then upon the seas; of a sale of a parcel or number out of an aggregate larger mass, not specifically defined and determined.
In such a case we are of opinion that there is an implied engagement in the contract itself, that the article shall be merchantable. It may be more appropriate to say that this is a condition of the agreement for a sale, than an implied warranty.
*490 It.may also be, that the rule can be carried farther, and applied to a case, where the article is specific and defined; but it is needless to go to this length for the decision of the present cause.
The great distinction between the civil and common law upon this subject, is referred to in the leading authorities, and the learning upon it need not be stated. The rule which we recognize and now apply, forms an important exception to the doctrine of the common law, and appears to have sprung from a consciousness o.f the superior morality of the principle of the civil law. The philosophical and able treatise of Mr. Verplanck has illustrated that principle with ample learning, and with that rare precision and felicity of diction which distinguish the productions of his mind. The reasoning which long was characterized as the speculation of a legal visionary, has become a guide to one great innovation upon the common law, and a marked advance in the foot-prints of the civil code.
The views thus stated are sufficient to decide the cause without adverting to the question of the admissibility of the evidence as to the verbal representations and statements of the parties.
The judgment must be for the defendants.