## JOHN W. DOANE *et al.*

*v.*

## JOHN H. DUNHAM.

1. SALE—*right to return for breach of warranty.* Where there is a warranty on sale of goods, without fraud, and there is no stipulation in the contract that the goods may be returned, the vendee has no right to annul the contract without the consent of the vendor, for a breach of the warranty; but in an action for the price, the warranty and breach may be

given in evidence in mitigation of damages, on the principle of avoiding circuity of actions.

2.  There is, however, a distinction in this respect between an executed sale and an executory contract for a sale. In the latter case the goods may generally be returned as soon as they are found not to satisfy the contract, if this is done in a reasonable time, and the purchaser has done nothing in the meantime beyond what is necessary to give them a fair trial.

3.  Where the defendant bought from plaintiff's agent twenty barrels of Mollar and Martin's powdered sugar without any inspection, to be paid for in thirty days, and to be delivered in the future, and there was, at the time of making the purchase, no selecting or setting apart of any specific barrels from the mass in store, so as to pass the property *in presenti*: *Held*, that the contract was executory, and that the law in such a case would raise an implied warranty that the sugar should be of a fair and merchantable quality, and that the purchaser had a reasonable time after delivery to make a fair examination, and if it was not of the quality contemplated by the contract, to rescind the same, and thus defeat a suit for the price.

4.  If the purchaser under an executory contract fails to examine the goods purchased by him within a reasonable time, he will be precluded from the right to offer them back, rescind the contract, and avoid payment of the price on the ground that they are not of a fair merchantable quality; but he will still have the right to rely upon the implied warranty in mitigation of damages under the general issue, or, in other words, will be liable upon a *quantum meruit* for the goods.

5.  In a suit by the vendor to recover the contract price for a lot of sugar sold under an executory contract, without inspection at the time of the sale, and where it was not set apart from other sugars for the buyers, but was afterwards delivered to their teamsters, the court, at the instance of the plaintiff, instructed the jury in substance that, in the absence of fraud and a *special* warranty, if there was opportunity to examine the sugar at the time defendants received it, and they failed or neglected to do so, but received it without objection, then they were cut off from all defense, unless the plaintiff had subsequently agreed to take it back and discharge them: *Held*, that the instruction was erroneous, as entirely ignoring the distinction between a sale of *specific* chattels where the property passes *in presenti*, and the case of an executory contract, and was also well calculated to mislead the jury in respect to the warranty implied in the case of an executory contract.

APPEAL from the Superior Court of Cook County; the Hon. WILLIAM A. PORTER, Judge, presiding.

33—65TH ILL.

Mr. Hugh A. White, for the appellants.

Messrs. Hawes & Lawrence, for the appellee.

Mr. Justice McAllister delivered the opinion of the Court:

This was *indebitatus assumpsit*, by Dunham against J. W. Doane & Co. for a quantity of sugar sold and delivered. The latter pleaded the general issue.

It appears by uncontradicted evidence that Dunham was the agent in Chicago, for manufacturers of sugar in Boston and Philadelphia, and also sold on commission for parties in New York; that he kept a store in Chicago, from which he was accustomed to sell sugars to the wholesale dealers in that city by means of an agent of the name of Briggs, who visited the stores of the wholesale grocers every day soliciting orders, sometimes taking samples with him. Dunham having in store a lot of Mollar & Martin's powdered sugar, Briggs, on one of his daily visits, called at the store of Doane & Co., who were wholesale grocers, for orders. He had no sample, but Doane asked him if he had any powdered sugar. He replied that he had. Doane asked him whose it was. He said, Mollar & Martin's, and his price was 13⅝ cents per pound. Doane replied that he would not give it, but offered 13¼ cents for twenty barrels, which Briggs accepted. The stores of the respective parties were in the same city; but how far apart does not appear, nor is it very material. According to the custom of the trade, the contract was for thirty days time. No time was specified for the delivery of the sugar, but from the course of business it would seem to be at the option of the buyer; such right to be exercised, however, within a reasonable time.

At the making of the contract there was no selection or setting apart from the lot of any specific barrels. The buyers, two days afterwards, sent their teamster to Dunham's store for the sugar contracted for, and twenty barrels were delivered

by the latter.    It was kept by the buyers in their store without any examination or anything done to it for nearly twenty-six days, when it was examined and found to be of an unmerchantable quality.    It appeared to have originally been powdered sugar, and Mollar & Martin's; but was caked to an almost stony condition, was wholly unfit for the purposes of powdered sugar, and worth considerably less for any purpose.    When its condition was discovered, the buyers notified Dunham, and offered to return it, but he declined to receive it back.    On the trial the plaintiff claimed the full contract price, on the ground that there was no warranty, express or implied; while on the other hand, the defendants insisted that there was a warranty, which was broken.    For that reason they had the right to return it on discovery of the defect, and such offer defeated the right of recovery.

The jury gave the plaintiff the full contract price, and the court, overruling a motion for a new trial, gave judgment on the verdict.    From the instructions given, and some that were asked and refused, it appears that the case was tried upon this theory of the law: that even if there was no fraud, but if there was a warranty of the goods, which was broken, the buyers had the right, for that reason, to rescind, offer to return, and that defeated the whole recovery, irrespective of whether this was an *executed* sale, or an *executory* contract of sale; or whether there was any stipulation in the contract for a return or not.

That doctrine was laid down by Lord ELDON in *Curtis* v. *Hannay*, 3 Esp. 83, A. D. 1800.    But in the case of *Street* v. *Blay*, 2 Barn. & Adol. 456, decided in 1831, Lord TENTERDEN, Ch. J., reviewed the cases, and the views of Lord ELDON were expressly repudiated, and it was held that where there is a warranty on sale of goods, without fraud, and no stipulation in the contract that the goods might be returned, the vendee has no right to annul the contract without the consent of the vendor; but in an action for the price, the warranty and

breach may be given in evidence in mitigation of damages, on the principle of avoiding circuity of action. His lordship also recognized a distinction between an executed sale and an executory contract for a sale, in which latter case, it was held, the goods may generally be returned as soon as they are found not to satisfy the contract, if the purchaser has done nothing in the meantime beyond what is necessary to give them a fair trial.

This case has been followed by numerous others in England, and is fully approved in New York. *Voorhees* v. *Earl,* 2 Hill, 288.

By the contract in the case at bar, the price was to be paid and sugar delivered in the future. There was, at the time of making it, no selecting or setting apart of any specific barrels from the mass in store, so as to pass the property *in presenti.* The contract was therefore executory, and the goods not purchased upon inspection. Under such circumstances the law will imply that the parties contemplated the sugar should be of a fair and merchantable quality, and will raise a warranty to that effect. It was Dunham's duty to deliver sugar that should answer the character and be of the quality contemplated, bringing the average market price. Nothing short can be regarded as performance. *Babcock* v. *Trice,* 18 Ill. 420; *Misner* v. *Granger,* 4 Gilm. 69, *Howard* v. *Hoey,* 23 Wend. 350.

The barrels delivered to defendants' teamster were of Dunham's selection from the mass in his store. The contract being executory, the law gave defendants a reasonable time in which to make a fair examination, and see if the sugar answered the character and quality of that called for by the contract. What is such reasonable time is to be determined upon by the jury in view of all the circumstances. If the defendants failed to make the examination within such reasonable time, they will be precluded from the right to offer it back, rescind the contract and avoid payment on that

ground; but would still have the right to rely upon the warranty implied by law in mitigation of damages under the general issue, or, in other words, will be liable upon a *quantum meruit* for the goods. If; on the other hand, they retained the goods only a reasonable time for examination, and immediately upon discovering that they were not of the character or quality called for by the contract, they notified the vendor to take them back, then the contract was rescinded, and no recovery could be had for the price. 2 Kent's Com. marg. p. 479, 480.

None of the refused instructions asked on behalf of the defendants were proper. But as we must reverse the judgment for error in the plaintiff's instructions, we shall not stop to point out those in the defendants'.

The third instruction for plaintiff told the jury, that as a matter of law, there was in the sale of personal property no implied warranty that the goods sold are of any specific quality or goodness where the purchaser, at the time of the sale, has an opportunity to examine them if he chooses to do so, and the seller is not a manufacturer; and if the jury shall believe, from the evidence, that the plaintiff was guilty of no fraud or concealment, and did not *specially* warrant the sugar, and there was an opportunity on the part of defendants to examine the sugar at the time they received it, and they failed or neglected to do so, but received it without objection, and plaintiff did not at any subsequent time agree to receive it back and discharge defendants from their indebtedness, or did not agree with defendants that the latter should hold the sugar and sell it on plaintiff's account, then they should find for the plaintiff.

This instruction entirely ignores the distinction between a sale of *specific chattels*, where the property passes *in presenti*, and the case of an executory contract, and was calculated, under the circumstances of this case, to mislead the jury in respect to the warranty implied in the case of an executory contract.

It virtually tells the jury that in the absence of ·fraud and a *special* warranty, if there was opportunity to examine the sugar at the time defendants received it, and they failed or neglected to do so, but received it· without objection, then they were cut off from all defense, unless plaintiff had subsequently agreed to take it back and discharge them.

We have seen that the law gave them a reasonable time, which is to be determined upon by the jury. The instruction is in conflict with that view and therefore erroneous.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*