WILLIAM Foos *et al.*

*v.*

A. C. SABIN.

</div>

1. CONTRACT—*sale and future delivery of fat cattle construed.* Where a contract for the sale of cattle designates them as "fat cattle," and they are purchased to be shipped for market, and to be delivered at a future day, and to be fed by the seller, it was *held*, in a suit by the seller for refusing to accept and pay for them, from the language of the contract, and the business and situation of the contracting parties, that it was their understanding

the cattle would be pastured, fed and treated in such a manner that, upon delivery, they would be in a suitable condition for sale as fat cattle.

2. Where a party sells fat cattle to be shipped for market, to be kept by him for future delivery, he will be bound to deliver them in as good condition as they would have been had they been pastured and fed in such manner as a reasonably prudent farmer would, under ordinary circumstances, attend and care for a like lot of his own which he was pasturing for market, but he is not bound to have them well fattened.

3. NEW TRIAL—*on facts.* The law has entrusted the decision of controverted facts to a jury, and their decision must be final, unless passion, prejudice or partiality has controlled their deliberations.

4. ERROR—*in party's favor.* Where the evidence would have justified a verdict against a party, but it is in his favor for a small sum, though inconsistent, he will have no right to complain, as the error does him no injury.

5. MEASURE OF DAMAGES—*for not accepting cattle sold.* Where cattle are sold for future delivery, if, at the time and place for delivery, they are worth as much as the contract price, the seller, not being damaged, can not recover of the buyer, for not accepting the same, more than nominal damages.

6. INSTRUCTION—*refusal to correct one, not always error.* Where there is no dispute as to the consideration of a note sued on, but the controversy is, whether the payee has performed the contract on his part, and it is apparent the jury understood the burden of showing the defense was upon the defendant, it was *held,* no error to refuse an instruction that the note made a *prima facie* case for the plaintiff, and the burden of proof was on the defendant to show a failure of consideration.

APPEAL from the Circuit Court of Ford county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. LAWRENCE WELDON, for the appellants.

Messrs. STEVENSON & EWING, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by appellants, upon a promissory note given by appellee on the 1st day of April, 1873, for $3000. The note was given as a part of the purchase price of 235 head of fat cattle sold by appellants to appellee, by written contract, on the same day the note was executed. The contract designates the cattle as "fat cattle,"

of which 170 were then being fed by appellants, on Foos' farm, in Champaign county, and the remaining 65 were then being fed by Rains & Co., of Livingston county. The contract provided for the delivery of one half the cattle between the middle of August and the 1st of October; the other half, between the middle of September and the 1st of October. The cattle were to be delivered and weighed on scales on Foos' farm, at $5\frac{1}{4}$ cents per pound.

The appellee, at the time the cattle were to be delivered, refused to receive them, on the ground they were not fattened and in proper condition for market; and, while the action was upon the note, the real purpose of the suit was to recover damages for the failure of appellee to accept and pay for the cattle according to the terms of the contract.

The questions of fact involved in the case were submitted to a jury, who returned a verdict in favor of appellants for $5, upon which the court rendered judgment, and they appealed.

It is clear, from the evidence, that the cattle were purchased to be shipped and sold in the market on delivery, and it is apparent, from the language of the contract, and the business and situation of the contracting parties, that it was the understanding of each that the cattle would be pastured, fed and treated in such a manner that, upon the expiration of the time provided for delivery, they would be in a suitable condition for sale, as fat cattle, in the market. While the contract does not contain a warranty, on the part of the sellers, that the cattle should be of any given weight, or that they should be well or properly fattened for sale in the market at the appointed time of delivery, yet a fair and reasonable construction of the contract would seem to require of appellants that they were bound to deliver the cattle in as good condition as they would have been in if they had been pastured and fed in such manner as a reasonably prudent farmer would, under ordinary circumstances, attend and care for a like lot of cattle which he was preparing for sale in the market. The contract did not require appellants to deliver the cattle well fattened, but it

did require of them reasonable efforts on their part to produce this result.

This was substantially the view taken by the circuit court of the meaning and intention of the parties as expressed in the contract, and upon this theory the case was submitted to the jury for their decision. Much evidence was introduced by appellee tending to prove that the pasture where the cattle were kept by appellants during the summer was insufficient to produce the necessary quantity of grass to properly fatten the cattle, and that, owing to the scarcity of grass, the cattle should have been fed grain; while, on the other hand, appellants introduced evidence tending to show the sufficiency of the pasture during the summer, and that grain was fed after the 3d or 4th day of September. The evidence in regard to the proper pasturage and feed of the cattle was a question of fact for the jury, upon which there was a clear conflict. Under such circumstances, this court has uniformly held that the finding of the jury must be conclusive between the parties. Where there is such a conflict in the evidence, we can not undertake the responsibility of a close analysis for the purpose of ascertaining whether there may be a slight preponderance in favor of or against the verdict of a jury. The law has entrusted the decision of controverted questions of fact to a jury, and their decision must be final, unless passion, prejudice or partiality has controlled their deliberations. Nothing of the kind, however, occurred in this case.

But it is said the verdict is not consistent—if appellants were entitled to recover in any sum, the verdict should have been more than $5. There may be a seeming inconsistency in the verdict, but the fact that the jury found a nominal sum in favor of appellants, which turned costs in their favor, when, under the evidence, they might have found the other way, affords no reason for reversing the judgment. An error in favor of appellants did them no injury, and they are in no position to complain of it.

The evidence was conflicting in regard to the value of cattle in the market, at the time they were to be delivered, under the con-

tract.  If the cattle were worth as much at the place of delivery as the price named in the contract, then appellants were not damaged by the refusal of appellee to receive the cattle, and they could not recover.  There was evidence tending to show that the market price of cattle was as high, or nearly so, at the time and place of delivery, as the price named in the contract, and this evidence, no doubt, had its proper weight with the jury in arriving at the amount of the verdict.

The court refused to instruct the jury that the note offered in evidence makes out a *prima facie* case for the plaintiffs, and the burden of proof is on the defendant to show that the consideration of the note had failed, and this ruling is relied upon as error.

It is unnecessary to inquire whether the instruction contains a correct proposition or not.  Its refusal could not prejudice the plaintiffs.  There was no controversy in regard to what the note in suit was given for, and the whole testimony in reference to the note and contract for delivery of the cattle was before the jury.  They, no doubt, fully understood, without being told by an instruction, that the burden to establish the defense to the action rested upon the defense.

Objection is made to the following of appellee's instructions: "The court instructs the jury that it was the duty of the plaintiff to use reasonable care to keep the cattle in good condition, having reference to the kind of cattle sold."

The last clause in the instruction and a similar expression in another instruction are said to be objectionable.  The objection we do not regard well taken.  The cattle were described in the contract as "fat cattle."  The evidence discloses that they were, when sold, three and four years old.  Appellants knew that appellee purchased for the purpose of shipping and selling in the market.  Now, while appellants were not bound, under the contract, to deliver cattle well fattened for market, they were bound to use a higher degree of care, in pasturing and feeding the cattle sold, than they would have been had they sold appellee a like number of yearling steers under an agreement to pasture through the summer and deliver in the

fall, not to be shipped for sale, but to be carried over as stock cattle; and, as we understand the instruction, it announces, in substance, this, and nothing more.

So far as appears from the record, the questions involved in the case have been fairly submitted. We perceive no ground for disturbing the judgment, and it will be affirmed.

*Judgment affirmed.*

Mr. Justice DICKEY: I think it was error to refuse the instruction as to the burden of proof. The evidence was contradictory, and the appellants had the legal right to have the instruction given, and may have been prejudiced by its refusal.