## Chicago Safe and Lock Company

### v.

### Michael Cremen.

*Sales—Safe—Rescission—Notice—Instruction.*

In an action to recover the contract price of a safe, wherein the defendant contends that the door was so defective as to render the safe useless, this court holds that an instruction based upon this hypothesis but ignoring the question of notice and the contention of the plaintiff that the defendant failed to close the door properly, was improperly given.

[Opinion filed September 19, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Mr. W. W. RATHBUN, for appellant.

Mr. PERRY A. HULL, for appellee.

McALLISTER, J.   This was an action by the appellant corporation, engaged in the business of manufacturing fire proof safes, against the appellee, to recover upon an executory contract for the sale by the former to the latter of a safe of a particular description, the agreed price thereof.   The plaintiff introduced the contract in evidence and evidence tending to show that it delivered to the defendant a safe answering the description in such contract.   The defendant introduced evidence tending to prove that the safe so delivered was useless for the reason that when he began using it, he found that, when the outer door was closed, it could not be opened without tipping the safe forward and down toward the floor, to accomplish which required certain implements and the services of several men. To meet that feature of the case, the plaintiff introduced two witnesses who were experts in the business of manufacturing safes for plaintiff, and they gave testimony tending to prove that the difficulty in opening said door of the safe was not due to any defective construction, but to the fact that the defendant did not, before closing said outer door, properly attend to the closing of a certain inner door of the safe and place things in their just position, which was a simple and practicable thing to do.

On behalf of the defendant the court gave this instruction to the jury:

"If the jury believe from the evidence that the safe in question was manufactured by the plaintiff, and sold to the defendant to be used by him in his business, and that the same at the time of such sale and delivery was out of condition or repair to such an extent as to render the safe useless, or so as

Chicago Safe and Lock Co. v. Cremen.

to prevent the defendant from unlocking or opening the door to the same, and that the same has remained in the same condition ever since such delivery, and has been unavailable and useless to the defendant for the purpose for which it was made and sold, owing to such condition, and that the defendant notified the plaintiff of such defective condition of the safe, then the plaintiff can not recover in this suit and the law is with the defendant, and the jury should find for the defendant and against the plaintiff."

The jury found for the defendant, and the court, overruling plaintiff's motion for a new trial, gave judgment on the verdict, from which plaintiff took this appeal.

If the difficulty as to opening the outer door of the safe was due principally to defective construction and the defendant gave the plaintiff, after reasonable time to test it, immediate notice to take it away, then the contract was rescinded and no recovery could be had for the price.    2 Kent's Com., Marg. pp. 479, 480; Doane v. Dunham, 65 Ill. 512; Babcock v. Trice, 18 Ill. 420 ; Howard v. Hoey, 23 Wend. 350.

But the controlling issue upon the trial was upon the contention of the plaintiff that the difficulty in opening the outer door of the safe was wholly due to the defendant's own want of care and attention, as respected the manner of closing an inner door, and putting it in the right position for closing the outer door.    It will be perceived that in the above instruction that issue is entirely ignored.    As the case stood upon the evidence that was error.    The instruction also fails to submit to the jury the question whether the defendant immediately upon discovering the defect notified the plaintiff to take the safe back and so rescinded the contract.    For giving that instruction the judgment must be reversed and cause remanded.

*Reversed and remanded.*