## Lanz et al. v. Wachs.

1. WARRANTY—*Implied, When.*—O. & Co., being dissatisfied with a boiler which W. had put in for them, on account of its being too small, wanted to exchange it for one larger. After some talk they said to W.: "You go ahead and put in what is right and charge us the difference." On the trial of a suit for a breach of warranty *it was held* that the contract being executory, the law implies that the parties contemplated that the boiler should be a good merchantable boiler of its kind, and raises a warranty to that effect; and the contract can only be fulfilled by putting in a boiler of that character.

2. WARRANTY—*Breach of—A Question for the Jury.*—On the trial of an action for the breach of a warranty the question as to whether the property in question was or was not of a certain character is one open to investigation and for the jury to determine, not for the court.

Lanz v. Wachs.

**Memorandum.**—Action of assumpsit. In the Circuit Court of Cook County; the Hon. SAMUEL MCCONNELL, Judge, presiding. Declaration for a breach of warranty; plea, general issue; trial by jury; verdict and judgment for defendant; appeal by plaintiffs. Heard in this court at the March term, 1893. Reversed and remanded. Opinion filed May 24, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANTS' BRIEF, WILLOUGHBY & BINSWANGER, ATTORNEYS.

The court erred in directing the jury to find for the defendant, because, 1st, there was an express warranty of the boiler contained in the written proposition of Wachs, which Lanz, Owen & Co. accepted, and there being evidence tending to show a breach of the warranty, the case should have been left to the jury. 2d, the agreement made subsequent to the original contract for the boiler, engine, etc., being an alteration of the contract in relation to the size, merely, of the boiler, did not abrogate the express warranty. The court below erred in his construction of the written contract as modified by the parol agreement. Goss v. Lord Nugent, 5 B. & Ad. 58; Blasdell v. Souther, 6 Gray, 151; Cummings et al. v. Arnold et al., 3 Met. 479; West Haven W. Co. v. Redfield et al., 57 Conn. 39.

In executory contracts for the sale of personal property, the law implies as a part of the contract, in the absence of any express stipulation to that effect, that the property shall be of fair merchantable quality and condition, and fit for the uses for which it is purchased. Kohl v. Lindley et al., 39 Ill. 203; Babcock v. Trice, 18 Ill. 420; Doane et al. v. Dunham, 65 Ill. 512; Fish et al. v. Roseberry, 22 Ill. 299.

Where a manufacturer or dealer contracts to supply an article which he manufactures, or in which he deals, to be applied to a particular purpose, so that the buyer necessarily trusts to the judgment or skill of the manufacturer or dealer, there is in that case, an implied warranty that the article is reasonably fit for the purpose to which it is to be applied. Hight et al. v. Bacon et al., 126 Mass. 12; Byers et al. v.

Chapin, 28 Ohio St. 300; Van Wyck v. Allen et al., 69 N. Y. 66; Gerst v. Jones & Co., 32 Gratt. 521.

APPELLEE'S BRIEF, C. W. GREENFIELD, ATTORNEY.

Appellee contended that there was no implied warranty of the boiler on the part of Wachs. He was not a manufacturer of boilers, and no attempt was made upon the trial to prove that at the time of the transaction, he held himself out to the plaintiffs as a manufacturer of boilers. Archdale v. Moore, 19 Ill. 565; Kohl v. Lindley, 39 Ill. 203; Chicago Pkg. & P. Co. v. Tilton, 87 Ill. 547; Misner v. Granger, 4 Gil. 69; Bragg v. Morrill, 49 Vt. 45.

After an agreement has been reduced to writing, it is competent for the parties, at any time before breach of it, by a new contract not in writing, either altogether to waive, dissolve, or annul the former agreements, or in any manner to add to, or subtract from, or vary or qualify the terms of it, and thus to make a new contract; which is to be proved, partly by the written agreement, and partly by the subsequent verbal terms engrafted upon what will thus be left of the written agreement. Goss v. Lord Nugent, 5 B. and Ad. 58; Blasdell v. Souther, 6 Gray, 151; West Haven Water Co. v. Redfield et al., 58 Conn. 39; Cummings et al. v. Arnold et al., 3 Met. 489.

OPINION OF THE COURT, GARY, P. J.

The appellee, under a written proposition made by him to, and accepted by, the appellants, furnished them some machinery, among which was to be "One 36 x 72 submerged flue boiler." Later, it was concluded that such a boiler was too small. The appellee's own version is: "When the plant was run for a week or so, I saw that that 36 x 72 boiler had more to do than a boiler of that capacity should do, and I went to Mr. Lanz, personally, and made that fact known to him. I told him that I felt satisfied that a boiler 36 x 72 would be crowded too hard for that establishment, and if he was willing to pay the actual difference between the 36 x 72 and 42 x 84 boiler, I would feel better satisfied over that

size of boiler. After talking a little with Mr. Lanz about that, he told me, 'Wachs, you go ahead and put in what is right and charge us the difference.' On the strength of that, I ordered a 42 x 84 submerged flue boiler from Mr. Mathews."

We assume that the appellants knew that the appellee did not manufacture boilers, and that the boiler was to be sent by Mathews, a boiler manufacturer in South Bend, Indiana. But the appellants had no relation with Mathews, nor did the contract between these parties require that the boiler should be the product of any particular manufacturer.

As the appellee states the bargain, it was left to him to put in what was right. Now, if that did not put him in the position of a manufacturer, who, furnishing an article for a special purpose is by law a warrantor that it is fit for that purpose, yet, the contract being executory, the law will imply that the parties contemplated that the boiler should be a good boiler of its kind, merchantable, and will raise a warranty to that effect, and the appellee could fulfill his contract only by putting in a boiler of that character. Doane v. Dunham, 65 Ill. 512; Kohl v. Lindley, 39 Ill. 195.

And whether the boiler was, or was not of that character, was a question open to investigation, notwithstanding the use of the boiler by the appellants for two years. Underwood v. Wolf, 131 Ill. 425.

The question was one of fact for the jury, not the court, to decide.

The appellants sued the appellee for a breach of warranty, and put in a good deal of testimony as to leaks in the boiler, and unsuccessful efforts by the appellee to stop the leaks, and that they put it out because of the leaks.

At the close of the testimony the court instructed the jury to find for the defendants. This was error. The case should have been left to the jury to decide, under proper instructions, if asked, and without, if none were asked, and the court did not care to write any.

The judgment is reversed and the cause remanded.