DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1906.

---

## L. Starks v. M. Schlensky.

### Gen. No. 4,615.

1. VERDICT—*when not disturbed as against the evidence.* An Appellate Court must give great weight to the finding of the jury and will not disturb it unless it is not sustained by the evidence or unless it is clearly against the weight of the evidence.

2. ERRORS—*when will not reverse.* Errors which are favorable to the complaining party are not ground for reversal.

3. WITNESS—*neither race nor religion competent to affect credibility.* It is not competent to inquire of a witness with respect to his race or religion for the purpose of affecting his credibility as a witness.

4. DELIVERY—*when purchaser justified in refusing to accept.* When the article bargained for is at the time of its delivery not in the condition contemplated in view of the contract or as expressly or impliedly warranted, the purchaser may refuse to accept the same and rescind the contract.

Action of assumpsit. Appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed July 17, 1906.

HIGGINS & WALTER and A. J. VINSON, for appellant.

LAGGER & BLATT, for appellee.

(1)

MR. JUSTICE THOMPSON delivered the opinion of the court.

On December 1, 1902, the parties to this suit entered into a written contract by which appellant, a resident of Chicago, sold to appellee, a resident of Joliet, a carload of potatoes to consist of 250 bushels of Triumph potatoes at seventy-one cents per bushel, and 250 bushels of Ohio potatoes at fifty-five cents per bushel, to be shipped from appellant's warehouse in Plainfield, Wisconsin, not later than May 1, 1903. Appellee paid $50 in cash and agreed to pay the balance upon presentation of the bill of lading accompanied by sight draft. The contract provided that appellant should be responsible to appellee for all frozen or decayed potatoes at the date of arrival at their destination, and that appellant would refund to appellee the purchase price per bushel of all frozen or decayed potatoes. On March 6, appellee sent his written order for the shipment of the car of potatoes. The potatoes were shipped and arrived at Joliet March 8. Appellee examined the potatoes and claims they were afflicted with dry rot to such an extent that the whole shipment was unmerchantable, and that there were frozen and mixed varieties in the same sacks. Appellee refused to receive the shipment and notified appellant who sent an agent to Joliet to try and adjust matters, or to resell the same at Joliet. They were resold by appellant to a purchaser at Van Wert, Ohio, at a reduced price, potatoes having materially declined since the date of contract.

Appellant brought suit in a justice court in Will county to recover his damages and appellee filed a set-off, seeking to recover the $50 he had paid on the contract. Appellant recovered judgment before the justice, and on appeal to the Circuit Court appellee recovered judgment for $17.50 against appellant.

The evidence as to the quality of the potatoes is very conflicting and cannot be reconciled. Four witnesses

Starks v. Schlensky.

for appellant, while admitting that there were potatoes in all the sacks they examined affected with dry rot and a few frost-bitten, testify they were in good merchantable condition. Upon the other hand three witnesses for appellee testify they were so affected with dry rot and frost that they were unmerchantable, and some of the witnesses add, that a few potatoes in a sack affected with dry rot will soon affect the others, and while they may look good upon the outside they will be found bad within. Two witnesses also testified that different varieties were mixed in some of the sacks. The jury believed the defendant's witnesses, and we cannot say the verdict is so manifestly against the evidence as to justify interfering with it. An Appellate Court must give great weight to the finding of the jury, and must not disturb it unless it is not sustained by the evidence, or unless it is clearly against the weight of the evidence. Bradley v. Palmer, 193 Ill. 90; Masonic Assn. v. Collins, 110 App. 504.

Appellant claimed he was entitled to recover of appellee $70 after giving credit for the $50 advanced at the time of making the contract. If the potatoes had been merchantable so that appellee was bound to receive them, he should have recovered a verdict for the full amount of his claim. If the potatoes were such by reason of rot, frost or mixture that appellee had the right to rescind the contract, then he was entitled to recover his $50. The verdict is evidently a compromise in finding for appellee $17.50, when, finding for him, it should have been $50. A party cannot assign for error that which does him no injury. Appellant is not entitled to a reversal of the judgment, because it is more favorable to him than the case made by appellee in the trial court justifies. Heyman v. Heyman, 210 Ill. 524; Reid v. Houston, 20 App. 48; Casey v. Vandeventer, 76 App. 628; Wolf v. Goodhue Ins. Co., 43 Barb. 400.

Appellee was asked upon his cross-examination:

"Are you of Jewish faith?" to which an objection
was sustained. The appellant insists this was error.
We understand the rule to be that "particular traits
of character aside from lack of truth and veracity can-
not be made the subject of inquiry for the purpose
of impeaching a witness, when evidence of such traits
is not material to the issue." 30 Am. & Eng. Ency.
of Law, 1082. "Inquiry into religious belief is inad-
missible to affect credibility;" the same authority,
page 1096, and cases there cited. The Constitution of
Illinois provides that "No person shall be denied any
civil or political rights, privilege or capacity on ac-
count of his religious opinions," etc. The question
was incompetent as violating his constitutional rights,
immaterial as affecting his credibility and could have
no other effect than to raise a prejudice against him
because of his race. The court properly sustained the
objection.

Appellant assigns as error the modification of the
eighth instruction. The instruction as offered was:
"The jury are instructed that the presence of frozen
or decayed potatoes in the car in controversy in this
case would not vitiate or affect the contract between
the parties, except that the defendant would not be
liable to pay for the potatoes so frozen or decayed."
The court added "unless the same were frozen or de-
cayed to such extent that the car load as a whole was
not merchantable, in which case defendant would not
be bound to accept the shipment." When the article
bargained for is at the time of its delivery not in the
condition contemplated in view of the contract or as
expressly or impliedly warranted, the purchaser may
refuse to accept the same and rescind the contract.
Doane v. Dunham, 65 Ill. 512; Foos v. Sabin, 84 Ill.
564; Hansen v. U. S. Brewing Co. 70 Ill. App. 265.
The modification was correct.

Appellant insists there was error in giving some of
appellee's instructions. What has been said of the

modification of appellant's instruction applies to this assignment. The contract being made in Chicago for potatoes to be shipped from Plainfield, Wisconsin, and delivered at Joliet, the purchaser had the right to inspect them and reject them before accepting them, if they were not such as would fill the contract.

We do not find any error in the case and it will be affirmed.

*Affirmed.*

Mr. Presiding Justice DIBELL, having tried this case below, took no part in its consideration here.