CHICAGO—FIRST DISTRICT—NOVEMBER, 1912. 261

Binner-Wells Co. v. J. P. Smith Shoe Co., 174 Ill. App. 261.

Binner-Wells Company, Plaintiff in Error, v. J. P. Smith Shoe Company, Defendant in Error.

Gen. No 17,226.

1. SALES—*when goods not ordered must be returned.* When parties have been dealing together and goods not ordered are received, they must be returned within a reasonable time, and what is a reasonable time is to be determined by the trial court or jury in view of all the circumstances.

2. SALES—*what is not unreasonable delay in returning goods.* Where a buyer during a controversy over the allowance of a bill discount first becomes aware that additional goods not ordered were received, and not being able to arrive at an agreement as to the controversy, declines, after suit brought but before trial, to accept the goods, the mere fact that constructive possession of the goods was retained during the controversy is not of itself a failure to return them in a reasonable time.

Error to the Municipal Court of Chicago; the HON. GEORGE B. WATKINS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed November 7, 1912.

PARKER & HAGAN, for plaintiff in error.

EDWARD J. SANDBERG, for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This is a case where two corporations have indulged in expensive litigation, because of a dispute over a difference between them of $13.74, arising from a transaction involving over $600.

The Binner-Wells Company, a corporation, hereinafter called plaintiff, on July 11, 1910, received from the J. P. Smith Shoe Company, a corporation, hereinafter called defendant, a written order for "three hundred thousand (300,000) six page folders," to be delivered "by August 1st, 1910, for the price of Six

Hundred and Twenty-one Dollars ($621.00), terms 2 per cent. 10 days." When the folders were made they were sent to defendant's place of business, but without being unloaded or examined they were, under instructions from the defendant, delivered to a certain printing house to receive printing matter thereon. On August 26th a statement or bill was sent to defendant, which contained these items: "300 M Folders as per contract . . $621.00," and "33 M additional . . $66.00," or a total bill for $687.00. On September 17th defendant, after deducting 2 per cent. discount sent its check for $673.26 as payment of the amount of the bill. This was returned by plaintiff with a letter saying that the 2 per cent. discount was given for a ten-day payment. Defendant again tendered the check, with a letter giving its reasons why the discount should be allowed. Several letters passed between the parties, which indicate an increasing degree of irritation on both sides, and on October 13th plaintiff brought suit. Upon the trial it appeared that Mr. Smith, who had represented the defendant in the negotiations for the contract, was out of the city at the time of this dispute, and the cashier for defendant testified that he knew nothing of the additional 33,000 folders until about September 27th; that no printing was done on these additional folders, and that they were returned to plaintiff, "the first batch about October 25th, the last about November 25th," both dates being prior to the date of the trial. The case was tried by the court, which found the plaintiff was not entitled to recover for the additional folders, and that defendant was not entitled to the allowance of the 2 per cent. discount. Judgment against the defendant was entered for $621, the contract price of the 300,000 folders ordered.

We are of the opinion that the conclusions of the trial court were right. The finding as to the allowance of the discount is not questioned by counsel for the defendant. The additional 33,000 folders were not ordered by defendant, and it can hardly be questioned

that it could have refused to receive them without incurring any obligation to pay for them. It was, however, obliged to return them within a reasonable time, and what is a reasonable time is to be determined by the trial court or a jury in view of all the circumstances. Doane v. Dunham, 65 Ill. 512. It was during the controversy between the parties over what amount should be paid that defendant first knew of the additional folders. It may be that if plaintiff had acquiesced in defendant's request for the allowance of discount, defendant would have consented to accept the additional folders. Not being able to arrive at an agreement with plaintiff, it concluded to decline to accept them. We cannot say that the mere fact that defendant retained constructive possession of the folders during the controversy is of itself a failure to return them within a reasonable time. They may have been retained in the hope that the matters in dispute would be amicably settled.

In view of all the circumstances surrounding the transaction, we can see no reason to conclude that the finding of the trial court in this regard is manifestly against the weight of the evidence, and we shall therefore not disturb the judgment, which will be affirmed.

*Affirmed.*