## CHARLES MEARS
### *v.*
## GEORGE S. NICHOLS.

1. CONTRACTS — *where a party fails to execute his work according to contract* — *rights and remedies of the parties.* Where a party has built a water-wheel for a mill for another, the latter furnishing the materials therefor, and the builder agreed that the wheel should do certain specified work and should be satisfactory to the other party, and the builder had notice, formal or informal, but substantial, that the wheel did not do the required work, and was not satisfactory, he has no cause of action for his labor, either upon a *quantum meruit* or otherwise, his only remedy being to pay for the materials in the wheel furnished by the other party, and take it away.

2. And in such case, the party for whom the wheel was built, and who furnished the materials, is not bound to return the wheel or permit it to be taken away, without payment for the materials, nor to incur any expense in removing the wheel.

3. The doctrine of election to return or keep the article, has no application in such a case. So, the party for whom the wheel was built would not become liable to pay the contract price for building it, by failing to return it in a reasonable time. Where there is an express warranty that an article is of a certain quality and shall answer a specified purpose, it is not necessary that the purchaser, before he can bring suit, should offer to return the property. He may bring suit for damages, or in a suit against him for the price, he may claim such damages by way of recoupment or set-off.

4. Without giving notice of the defect in the wheel, and without an offer to return it, he would be entitled to recoup his damages for breach of the contract in building the wheel.

5. Even a refusal to permit the builder to take away the wheel would not render him liable for the contract price. Where there is an express warranty that the article made shall do certain specified work, in a suit for the price the vendee may recover his damages by way of recoupment, and in some cases defeat a recovery by showing that the article was worthless for the purpose intended.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion of the court contains a sufficient statement of the case.

Messrs. WOODBRIDGE & GRANT, for the appellant.

Messrs. RUNYAN & AVERY, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, in the Superior Court of Chicago, brought by George S. Nichols against Charles Mears, and a verdict rendered for the plaintiff for one hundred and seventy-five dollars and eighty-nine cents. A motion for a new trial was made and overruled, and judgment entered on the verdict, from which Mears appeals to this court, and assigns the following errors:

The court erred in modifying and changing instructions asked by appellant; the court erred in giving instructions asked by the plaintiff below; the court erred in giving instructions of his own motion; the verdict was manifestly against the weight of evidence; the damages found are excessive; the court erred in overruling appellant's motion for a new trial.

The declaration counted on services rendered by the appellee in the construction of a water-wheel for the appellant, and for certain days work. There were also the common counts for goods sold and delivered, *quantum meruit* for the same, the money counts and account stated, and the following count: "And in the like sum for the price and value of work then done, and material for the same, provided by the plaintiff for the defendant."

The pleas were the general issue and set-off, alleging specially therein damages arising from the failure of appellee to construct two certain water-wheels for appellant according to agreement, upon which issue was joined.

The contract in regard to building the water-wheel was substantially this: Appellee agreed to put in a wheel to run the shingle-mill and its attachments for $130, and furnish all the materials; appellant was to furnish lumber, board, and other

materials, such as bolts and iron work about the wheel, at the same price he had furnished appellee for the construction of a wheel at Lincoln, Macon county, Michigan. The prices of the materials in the former contract were not disclosed. Appellee called the wheel a "Turbine wheel." Appellee agreed to guarantee that the wheel should be competent to do the work specified, which was to drive the shingle-machine and drag-saw and jointers sufficient to work the machinery to its full capacity. The wheel when constructed did not accomplish the purpose for which it was constructed. It operated very well so far as the wheels running light, but it was not powerful enough to drive all the machinery.

The result was, that, in consequence of that wheel not working, the machine could not work. It would drive one-half the machine. The appellee was notified, though not formally, that the wheel did not answer the contract, for he acknowledged that the wheel did not satisfy him, and he said he would put in another wheel that would drive it or he would pay for the materials and take it out, and he commenced building it; he said he had other engagements and had not time to finish it, and thought it could be finished by the mill-mechanics; he did not take out the wheel he had put in, and did not finish the wheel he had commenced. He consented that appellant might use the wheel, but appellant did not accept it under the contract. There was evidence tending to show, that, if the wheel was not satisfactory to appellant, appellee was to take it out and pay for the materials.

On these facts what is the law of the case?

Appellant asked of the court as the law of the case this instruction:

"The jury are instructed by the court, that if they shall believe from the evidence, that the plaintiff, in constructing the shingle-mill wheel, agreed and guaranteed that it should answer a specific purpose, and that the same did not answer that purpose, and defendant refused to take it, then the plaintiff cannot recover for the same, and the defendant may

offset any necessary damage arising from such failure of construction, against the plaintiff's claims."

This instruction the court refused to give, except with this modification: striking out the words, " and the defendant refused to take it," after the word " purpose," and inserting after the word " same" the words, " more than the same was worth to the defendant; " so that the instruction, as modified, was made to read as follows:

" The jury are instructed by the court, that if they shall believe from the evidence, that the plaintiff in constructing the shingle-mill wheel, agreed and guaranteed that it should answer a specific purpose, and that the same did not answer that purpose, then the plaintiff cannot recover for the same *more than the same was worth to the defendant*, and the defendant may offset any necessary damage, arising from such failure of construction, against the plaintiff's claims."

This modification excluded from the jury the consideration of a very important matter, and that was, was the wheel made according to the contract, and so accepted by the appellant? If there was a special contract as to the capacity of this wheel, and it did not answer the purpose, and the appellant never accepted it in discharge of the contract, the question of its value, or what it was worth to appellant, seems to us irrelevant. Appellee had expressed his own opinion about the wheel, and said it did not satisfy him, and he would make one which would answer the purpose, and actually commenced its construction. We do not see from the testimony, that appellant was to bear the trouble and expense of taking out the wheel, or to let it pass into the possession of appellee without first receiving payment for the materials in it, all which appellant had furnished by the contract.

This evidence, we think, was sufficient to have warranted the jury in finding, that appellee had notice, that appellant refused to accept the wheel under the contract, and, therefore, the court should not have withdrawn it from their consideration.

The gist of the controversy lies in this: If appellee agreed to build a wheel which should do certain specified work, and should be satisfactory to appellant, and he had notice, formal or informal, but substantial, that the wheel did not do the required work, and was not satisfactory, then appellee had no cause of action, either upon a *quantum meruit* or otherwise, his only remedy being to pay for the materials in the wheel furnished by appellant, and take it away. If appellee has failed to perform the contract on his part, we do not see how he can enforce it, even partially, against appellant, as the modification of the instruction assumes that he may, unless it is proved that appellant accepted the wheel as it was.

It is urged by appellant, that the first instruction asked by the plaintiff, appellee here, was erroneous and should not have been given. That instruction is as follows:

"If the jury believe from the evidence, that the plaintiff ouilt a water-wheel upon a contract, that, if the wheel was satisfactory to Mears (the defendant), he should pay for the same, $130, and if not satisfactory, that then the plaintiff should take the wheel and pay for the materials, the defendant, if the wheel was not satisfactory, must elect to return it to the plaintiff in a reasonable time, or become liable absolutely to pay the contract price for the wheel."

This instruction was clearly erroneous, for, if the contract was, as assumed in the instruction, appellant was not obliged to return the wheel without payment for the materials, nor to incur any expense in taking out the wheel. This devolved on the appellee according to the contract.

The instruction also asserts the principle, that appellant, failing to return the wheel in a reasonable time, had become absolutely liable to pay the contract price thereof.

We do not understand the law, in such cases, to be as stated. When there is an express warranty that an article is of a certain quality, and shall answer a specified purpose, it is not necessary that the purchaser, before he can bring suit, should offer

to return the property. He may bring suit for damages, or in a suit against him for the price, he may claim such damages by way of recoupment or set-off. *Crabtree* v. *Kile*, 21 Ill. 180, and authorities there cited.

Under these authorities, appellant, without giving notice of the defect in the wheel, and without an offer to return it, would be entitled to recoup his damages for breach of the contract in building the wheel. This advantage would be lost by this instruction.

The second instruction for the appellee was also erroneous. It is as follows:

" The jury are instructed, that, if they find from the evidence, that the defendant, Mears, had the option to return said wheel if not satisfactory to him, he *must make his election* in a reasonable time, *and give notice of said election* to plaintiff, or he becomes liable to pay for the wheel at its *contract price.*"

There is no proof of any option on the part of appellant to return the wheel if not satifactory, and therefore the doctrine of an election in a reasonable time, seems foreign to the case. And besides, the instruction deprives appellant of his right of recoupment, and of the value of the materials used in the construction of the wheel.

It is also objected that appellee's fourth instruction was erroneous. It is as follows:

" If the jury find from the evidence that the contract for building the wheel was, that if it was not satisfactory to the defendant, Mears, then the plaintiff should take it and pay for the material, then the jury are instructed that the only option the defendant had, was to let the plaintiff take the wheel or else to keep it and pay for it the *contract price.* He could not keep the wheel, and insist on damages for its not being properly built."

Appellant contends that this instruction assumes that appellant had refused to permit appellee to take the wheel, and that it also assumes, that, in case of appellant's refusal to permit him

to take the wheel, appellant would be bound to pay the contract price.

There is no evidence that appellant, at any time, refused to let appellee take out the wheel, and if he did, then, on the authorities cited, where there is an express warranty that the article made, shall do certain specified work, in a suit for the price, the vendee may recover his damages by way of recoupment, and in some cases defeat a recovery by showing that the article was worthless for the purpose intended. *Street* v. *Blay*, 2 Barnw. & Adolph. 456; *Pateshall* v. *Hunter*, 3 Adolph. & Ellis, 103.

These considerations involve the necessity of reversing the judgment of the court below, and remanding the cause for a new trial, which is ordered accordingly.

*Judgment reversed.*