## GIBBS & STERRIT MFG. CO.
### v.
## CONSTANT S. KASZEZYKI.

1. SETTING ASIDE DEFAULT.—Where defendant's attorney was also State's attorney, and was temporarily absent, by leave expressly given by the court, to attend before the grand jury, at the time the default in question was taken, and it appeared that it was through no fault of defendant or his attorney that they were not ready to answer when the cause was called for trial, and the motion to set aside the default was made on the same day that it was entered, it was proper for the court below to set aside the default.

2. WARRANTY.—When vendor of warranted chattels sues for the price, it is competent for defendant purchaser to prove breach of warranty in reduction of damages, although goods were sold at a fixed price and have not been returned; if no offer is made to return goods, the measure of damages is the difference between sum given and real value.

APPEAL from the Circuit Court of Jefferson county; the Hon. C. C. BOGGS, Judge, presiding. Opinion filed April 15, 1886.

Mr. C. H. BURTON, for appellants; cited Cash v. Giles, 14 Eng. Com. Law R., 372; Dowden v. Wilson, 108 Ill. 264; Osborn v. Stanley, 35 Ill. 102.

Mr. WM. H. GREEN, for appellees; cited Mears v. Nichols, 41 Ill. 207; Crabtree v. Kile, 21 Ill. 180.

GREEN, J.. This was a suit by appellant brought in justice's court against appellee to recover the amount of a note. A judgment was there rendered against appellee, who took an appeal to the circuit court, where a trial by the court without a jury by consent of parties was had, which resulted in a finding and judgment against appellant for costs, to reverse which judgment it took this appeal. The errors assigned necessary to be noticed are:

1st. The setting aside of a default by the court.

2d. The rendition of judgment by the court against appellant, plaintiff below.

The court below was not requested to hold any propositions of law at the trial by either party. It appears by the bill of exceptions that on the sixth day of the term of court at which this cause was tried, on motion of the plaintiff's attorney the appeal was dismissed for want of prosecution with a *procedendo* to the justice of the peace, and a judgment rendered against defendant for costs. On the same day the attorney for defendant appeared in open court and moved to set aside the default and for leave to show cause why the same should be done, and it appearing to the court that defendant's attorney was also State's attorney of said county, and was temporarily absent by leave expressly given by the court to attend before the grand jury at the time the default was taken, and it further appearing to the court that it was through no fault of defendant or his attorney that they were not to answer when the cause was called for trial, the court set aside the default

and plaintiff excepted; and it is further shown by the record that on the same day the cause was tried.

We perceive no error in this ruling and decision of the court setting aside the default and permitting appellee to prosecute his appeal. On the other hand under the circumstances we think the court could not have justly denied appellee's motion; no injury to plaintiff resulted, nor was the trial thereby delayed. In disposing of the remaining error we keep in view that this suit was brought before a justice of the peace and all defenses pleadable in such suit are presumed to be interposed. The note sued on was for $45, signed by appellee, dated June 14, 1881, payable on or before October 1, 1881, to the order of appellant, and was one of three notes for same sum each, given for a mower bought by appellee of appellant through its agent. At the time of purchase appellee was given the written warranty of appellant as follows:

"We warrant the Climax mower and reaper to be well made and of good material, to be as light draft and to do as much and as good work as any machine of same class if properly set up and operated. Condition of warranty: One day's trial shall constitute a test under this warranty and if the machine does not fulfill the warranty under this test, then notice shall be given to the agent of whom the machine was purchased, and a further test shall be made in his presence; if it then fails, another machine will be substituted or the money or notes refunded. A failure to promptly notify the agent of the non-fulfillment of this warranty, or the use of the machine further than as allowed herein as a test, shall constitute a confirmation of the sale.

(Signed) "Gibbs & Sterrit Man'f. Co."

The proof shows that this agent went with the mower purchased to the farm of appellee, there set it up, tried to cut with it, and finding it defective, told appellee he would return to his office, get repairs, and appellee should come there the next day, when he, the agent, would return with him and make the machine work. The next day appellee went to the office, met the agent, who would not return with him, but giving

him some repairs, told him to try and work it himself; if it failed to work satisfactorily to return and inform him, the agent; acting on these instructions appellee took the repairs out, tried to make the machine work and failed; then went to the office to notify agent as directed; the agent was absent, remained absent, never returned, and appellee was not able since then to find him. After repeated trials appellee failed to make the machine work and no agent of appellant having been put in the place of the one who sold the machine of whom he could get another, it remained in his possession. He tried ineffectually for two seasons to do work with it. He paid one of the notes under protest, claiming the machine was not as represented, and defends against the one sued on under the warranty. The evidence clearly shows the machine to have been worthless for the purpose it was designed and sold; but counsel for appellant insists that the sale was affirmed, and appellee's right to defend under this warranty has been forfeited by retaining possession of the mower an unreasonable length of time, not returning it or offering to return it to appellant, and using or attempting to use it as his own. Conceding that appellee was not entitled to rescind the sale, it does not follow, even if he failed to return the machine, that he could not set up a breach of the warranty as a defense in this case. The rule applicable here is thus stated in Chitty, Con., 363: "When vendor of warranted chattels sues for the price, it is competent for defendant purchaser to prove breach of warranty in reduction of damages, although goods were sold at a fixed price and have not been returned; if no offer is made to return goods, the measure of damages is the difference between sum given and real value." In Mears v. Nichols, 41 Ill. 207, it is held, "Where there is an express warranty that an article is of a certain quality, and shall answer a specific purpose, it is not necessary that the purchaser shall return the property; he may bring suit, or in a suit for the price may recoup or set off damages." The same rule is announced in Doane et al. v. Dunham, 65 Ill. 512; Owens v. Sturges et al., 67 Ill. 366. Treating the sale to defendant as an executed sale, and him as entitled to recoup damages for

breach of the warranty, we think the court below was justified by the evidence in finding these damages to be the full amount of the note sued on.   True, neither defendant below, nor his witnesses fix the amount of damages in dollars and cents, but he testifies that after repeated trials the machine failed to work at all ; *" it was no good."*   The other witnesses corroborated him.   One of them testifies, he used the machine in a careful manner and ran it over smooth ground but it would not do good work; *the machine was no account ;* it would not work. It is quite evident the machine was worthless for the purpose it was sold and warranted, that defendant spent much time and labor in an honest effort to make it work and finally abandoned it as useless; the judgment of the circuit court is affirmed.

Judgment affirmed.