### Benjamin Hyde v. Love Brothers.

1. WARRANTY—*When the Vendee is Not Concluded from Asserting.*—The buyer, under an executory contract, is not, by the passing of the time for an examination, concluded as to the character of the goods and their conformity to the agreement. If they are not such as he bargained

for, he may still refuse to accept and may return them; or he may receive them and sue for a breach of the warranty; or recoup his damages in an action brought for the contract price.

2. RESCISSION OF CONTRACTS—*Claims for Damages—Distinction.*—A distinction exists between the acts which will constitute a waiver of a right to rescind a contract for materials and a right to insist upon damages for a failure to supply the materials contracted for.

3. VENDOR AND VENDEE—*Using Materials, Not an Acceptance as a Compliance with the Contract.*—It does not follow that a vendee, by making use of materials, accepts them as a compliance by the vendor with the terms of contract under which they are furnished.

4. CONTRACTS—*Construction of—Damages.*—Under the terms of a contract of sale providing that all iron furnished was to be inspected on the cars before being unloaded, and no allowance should be made for any broken or damaged castings, unless the same were found to be broken or damaged on the cars, all claims for breakage or damage are cut off after the castings left the cars, but not as to claims that the castings were not according to the contract.

Assumpsit.—Goods sold and delivered. Appeal from the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed March 3, 1896.

## STATEMENT OF THE CASE.

This is an action brought upon a contract for the recovery of money said to be due appellees under and by virtue of the terms of a contract. The action was for goods sold and delivered to the appellant. The declaration consisted of the common counts, with one special count on the contract offered in evidence, to which declaration a plea of the general issue was filed. Subsequently, by leave of court, a special plea claiming damages by way of set-off was filed, to which plea a replication was filed by the plaintiffs and the case submitted to the court and jury on the pleadings above mentioned, and the evidence thereunder given.

The contract sued upon was to manufacture and furnish certain architectural iron for appellants.

E. P. LANGWORTHY, attorney for appellant.

M. L. THACKABERRY, attorney for appellees.

Mr. Justice Waterman delivered the opinion of the Court.

The case seems to have been tried upon the theory that as all iron was to be inspected on the cars before being unloaded, after the iron was so unloaded no objection thereto could be made. We do not think that appellant was concluded by a failure to inspect the iron before it was unloaded.

The contract does not provide that objections to the iron could not be made after it had been unloaded. The contract was to furnish cast iron columns, etc., for buildings to be erected in Chicago; it was to be paid for by weight. Under such an arrangement, appellees' interest was to make the columns, etc., heavy; and appellees had an interest in whatever sand clung to the material and was weighed along with it.

Upon the trial a good deal of evidence was offered, some of which was admitted and some rejected, tending to show that the columns, etc., were made unnecessarily thick, honeycombed, lumpy, and had sand pockets, and that in consequence of this, a great deal of work had to be and was done to make the material conform to the plans and specifications.

The court held that if this work was done and these things appeared after the time provided for inspection, it was immaterial.

This was error.

The buyer under an executory contract is not, by the passing of the time for an examination, concluded as to the character of the goods and their conformity to the agreement. If they are not such as he bargained for, he may still refuse to accept, and may return them; or he may receive them and sue for breach of warranty, or recoup his damages in an action brought for the contract price. Underwood et al. v. Wolf, 131 Ill. 425; reviewing same v. same, 31 Ill. App. 637; Mears v. Nichols, 41 Ill. 207; Peck v. Brewer, 48 Ill. 50; Doane v. Dunham, 65 Ill. 512; same, 79 Ill. 131; Benjamin on Sales, 6th Am. Ed., Secs. 894, 898, 899.

A distinction exists between the acts which will constitute a waiver of a right to rescind such a contract and a right to insist upon damages for a failure to supply the goods contracted for. Benjamin on Sales, Secs. 895–901:

It does not follow that appellant, by making use of the columns, accepted them as a compliance by appellees with their contract. Appellant immediately and persistently complained of the character of the material supplied; and appears to have, after much work in making good defects therein, used the same because such course was, under his engagements, less damaging to him and appellees than would have been a return of the imperfect work.

The rulings of the trial court upon the admission of evidence and upon instructions asked, not being in accordance with the views here expressed, the judgment of the Superior Court is reversed and the cause remanded.

MR. PRESIDING JUSTICE GARY.

I concur in Judge Waterman's opinion, but wish to add that perhaps undue weight was given on the trial to provisions of the contract under which the iron was furnished, as follows:

" All iron to be inspected on cars before being unloaded. * * * No allowance shall be made * * * for any broken or damaged castings, unless the same have been found broken or damaged on the cars."

It is quite clear that the inspection was intended only for the purpose of ascertaining whether castings were broken or damaged; and to cut off any claim for breakage or damage, after the castings left the car. In handling, either in unloading or thereafter, breakage would be always possible, and the appellees wanted no opening left for claims that might be false.

Whether the castings were according to specifications, or too heavy, or had sand in the cores, could not be ascertained by looking at them on the cars.