## JOB E. OWENS

### *v.*

## GEORGE L. STURGES *et al.*

1. SALE WITH WARRANTY—*vendee's right on breach of warranty—recoupment.* Where a person purchases a chattel on a warranty as to the soundness or quality, and the contract is executed, on the failure of the warranty the purchaser may recoup the damages sustained by reason of the breach of warranty, from the price of the chattel.

2. SALE—*when the purchaser may return the property and defeat an action for the price.* Where a contract of sale is unexecuted, or there is a stipulation that the property may be returned if not found to be satisfactory, or if the warranty be accompanied with fraud, in such cases the vendee may return the property on discovering the breach of warranty; otherwise he has no such right, and must retain the property; but he may, in that case, show the warranty and breach in mitigation of damages, and to reduce the recovery.

APPEAL from the Circuit Court of Montgomery county; the Hon. HORATIO M. VANDEVEER, Judge, presiding.

Messrs. McWILLIAMS & TOLLEY, for the appellant.     ·

Mr. B. F. BURNETT, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellant, in the Montgomery circuit court, against appellees, on a promissory note executed by the latter to the former. Appellees pleaded the general issue, and two special pleas of failure of consideration.

The second special plea set up that the consideration for the note was the full price of a separator and horse-power, sold by appellant to appellees, and that when sold, the horse-power was warranted to be a ten-horse power, of the value of $200, and of sufficient power to operate the separator ; and it is . averred that it was not a ten-horse power, and was not of sufficient power to operate the separator, and that, by reason of its insufficient capacity, appellees were unable to operate the separator therewith, and the horse-power was wholly worthless to defendants, wherefore the consideration of the note had failed to the extent of $200.

A trial was had by the court and a jury, resulting in a verdict in favor of defendants, upon which, after overruling a motion for a new trial, the court rendered judgment on the verdict, and plaintiff brings the record to this court and assigns various errors.

Even if the evidence shows a warranty and breach, does it sustain the verdict? Where a person purchases chattels on a warranty as to soundness or quality, and the contract is executed, on the failure of the warranty the purchaser may recoup the damages sustained by reason of the breach, from the purchase price of the chattels. Where the contract is unexecuted, or there is a stipulation that the property may be returned if not found to be satisfactory, or if the warranty be accompanied with fraud in the sale, in such cases the vendee may return the property on discovering the breach of

warranty, but otherwise he has no such right. He then must retain the property, but may show the warranty and breach in mitigation of damages, and to reduce the recovery. *Doane* v. *Dunham*, 65 Ill. 512. In this case the property was not returned, and the vendor had the undoubted right to recover its reasonable value.

The only question, then, is, did the jury allow appellant the value of this horse power? The sum allowed, as we gather from the evidence, was but $50, whilst, after an attentive examination of the evidence, we think the preponderance is decided in establishing that it was worth $150, and could have been sold as an eight-horse power, as the testimony shows it was, for at least that sum, if not more, at the time of the discovery of the breach of the warranty.

Believing, as we do, that the evidence preponderates so strongly against the verdict, the case should be submitted to another jury.

The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*