SHEPHERD v. GILROY ET AL.

1. **Warranty :** BREACH OF: PRACTICE. Where the evidence showed without conflict that a written warranty was given by vendor to vendee, the latter could not recover for the breach of an additional parol warranty.

*Appeal from Jackson District Court.*

MONDAY, JUNE 11.

THIS is an action to recover the balance due upon a promissory note given by the defendants for a threshing machine which they purchased and operated as partners. The answer alleges that there was a breach of the warranty upon which the machine was sold, and contains a counter-claim for the damages alleged to have been sustained. The reply alleges that if there was any defect in the machine it was waived by a subsequent valid agreement for an extension of the time of payment of the note, made upon the solicitation of defendants with full knowledge of such defects. The cause was tried by a jury who returned special findings, and a general verdict for defendants for $230. The plaintiffs. appeal.

*J. Hilsinger* and *Ellis & Spence,* for appellants.

No appearance for appellees.

DAY, CH. J.—De Groat, the agent who effected the sale of the machine to defendants, testified: " I took a written order or blank containing a warranty. The warranty that was in the order was in my possession and I read it to them. I did not sign or give them any written warranty. They did not have the paper. It was sent to the shops for the machine." Edwin C. Nicholls, one of the plaintiffs, testified: " Our sales of machines are invariably made on orders, partly written, and partly printed, signed by the parties desiring to purchase, and procured by our agents, who are furnished with blanks for that purpose; and, on the orders being received by us, if we approve of the sale the order is

1. WARRANTY: breach of; practice.

filled. Our records show that the order was procured in this instance by Z. De Groat, of Sabula, Iowa, in the summer of 1866." This witness further testifies that if the order was forwarded to them it has been lost or mislaid, so that after diligent search it cannot be found. The witness produced in evidence the form of order employed in their business, and testified that to the best of his knowledge the order used in this case was in the same form.

Joseph Means, one of the defendants, testified: "We signed an order for the machine, and suppose that Mr. De Groat sent it to the company." There is no conflict in the evidence that defendants signed a printed and written order for the machine, and that this order contained a printed warranty. Defendants, however, claim that De Groat at the time of making the sale made a further parol warranty, and upon this parol warranty they base their defense and claim for damages. The court properly instructed the jury that, if there was a written warranty, the liability in respect to such warranty must be found in and governed by the terms of such written warranty, unaffected by any conversations or negotiations previous to the signing of such warranty. The jury found specially that there was a parol warranty, a breach thereof, and that on account of such breach defendants have been damaged in the sum of $230. Whilst the evidence shows, and that without conflict, that there was a written warranty, which under the law and the instructions given is conclusively presumed to embrace all the warranty that was made, the jury have found for defendants because there was a breach of a parol warranty. This finding is contrary to the instructions given, and cannot be sustained.

There are other errors in the case which need not be discussed, as the one above considered is vital and conclusive.

REVERSED.