GEORGE SPARLING

*v.*

E. N. MARKS.

1. WARRANTY—*by positive assertion of fact.* Where a person selling a breastpin asserts positively that it is a diamond, without qualification or limitation, such assertion amounts to a warranty that it is a diamond, and if it proves not to be such the purchaser may, on discovering the fact, rescind the contract of purchase, within a reasonable time.

2. REMEDY—*when party not allowed to question.* Where the holder of a pledge for the payment of money to a third person requests the pledgor to bring replevin, to test the question of ownership and relieve him from liability, which is done, the defendant can not be allowed to raise the question for the first time in this court that this form of action does not lie.

APPEAL from the Circuit Court of Cook County ; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. MONROE & LEDDY, for the appellant.

Mr. JOHN LYLE KING, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellee brought replevin before a justice of the peace of Cook county to recover a finger-ring. A trial was had before the justice of the peace, resulting in a judgment in favor of plaintiff. Defendant thereupon perfected an appeal to the circuit court of Cook county, and, on a trial, plaintiff there recovered a judgment for $150 damages and costs, defendant having refused to surrender the ring to the officer who served the writ; and to reverse that judgment defendant appeals.

By consent of parties the case was tried by the court without the intervention of a jury. It is urged that there is no evidence to sustain the finding. This is manifestly incorrect, as, if appellee's evidence were considered alone, and as being all the evidence in the case, it would require the finding announced by the court. The evidence

in material points is conflicting, but there is by no means an entire want of evidence to support the judgment rendered by the court.

It appears that appellee, appellant, and Eager were together at the office of Mr. Haines, and a conversation occurred in reference to this ring. Eager remarked to appellee that he was " no judge of diamonds anyhow; you dare not buy anything on your own judgment." Appellee insisted he would. Eager then pointed to a pin he was wearing in his bosom, and asked appellee what he thought of that, and appellee offered him $100 for it — as appellant states the commencement of the transaction. But appellee testifies that Eager said to him, "Are you game to give me one hundred dollars for that diamond pin?" — pointing to the one he wore. Eager says that appellee made a remark about the pin — that it was a pretty nice one; when he replied that his saying so did not make it any nicer, and asked what he would give for it, and appellee replied he would give $100 for it; but said he did not have the money with him, but would give it as soon as he went to his place of business, but Eager said he might change his mind, and, if he sold, he wanted to sell then. It was then arranged that the ring in controversy should be placed in appellant's hands to hold as security for the payment of $100 to Eager, which was done, and Eager then removed the pin, and delivered it to him, and after examining it he handed it to appellant, saying he might hold it, too. Not a great while after, appellee demanded of appellant a return of the ring, but he refused, unless Eager would consent, which he refused to do.

Eager and appellant testify that the former cautioned appellee to examine the pin, lest he might be deceived, and told him to put on his glasses and examine it; and they say he did so whilst it was still in Eager's shirt-bosom. Appellee denies that he so examined it, until after it was handed to him. There seems to be no doubt that the pin was only a crystal, and worth at most but a few dollars.

Appellee testified that Eager had previously worn a diamond pin, and this is not denied.   And from the evidence we entertain no doubt appellee supposed he was purchasing a diamond pin, and we have as little doubt that Eager knew it was almost valueless.

Appellant insists that Eager said or did nothing to mislead appellee, but, on the contrary, cautioned him to examine lest he might be deceived, and that there was no fraud or warranty to authorize a recovery.   Now, appellee swears positively that, when Eager referred to the pin and asked if he would give $100 for it, he called it a " diamond pin." If this is true — and the court below, with the best test to detect the truth of evidence before it, seems to have believed it — Eager asserted it was a diamond.   Nor was it a qualified, limited, or equivocal, but it was a positive, assertion.   And being such, it amounted to a warranty that it was a diamond; and the warranty being false, appellee, on discovering that fact, had the right to return it, was not bound to pay for it, and had a right to recover the pledge he had put up as security that he would pay the purchase money for the pin.

As early as the case of *Towell* v. *Gatewood*, 2 Scam. 22, it was said : " Whilst no particular form of expression is necessary to create a warranty, there is a distinction as to the legal effect when used in reference to a matter of fact and when used to express an impression or opinion.   When a representation is positive and relates to a matter of fact, it constitutes a warranty.   But when the expression relates to that which is matter of opinion or fancy, or as of the value of an article, it is to be regarded as an expression of an opinion, rather than such an averment of a fact as will amount to a warranty."   This rule has been followed in a number of subsequent cases in our reports, and may be found in text-books and the reports of all courts.

This, then, was a positive, unqualified assertion that it was a diamond pin, and, according to the rule, was a warranty, and not a mere expression of opinion.   And as there-

is no doubt that the warranty was broken, appellee was not bound to take and pay for the article. And having received it, he had the right, on discovering the breach, if within a reasonable time, to return it and rescind the contract, and recover the ring from appellant.

Appellant advised, or at least requested, appellee to bring replevin for the ring, that the question of ownership of the ring might be determined and he be relieved from liability as stake-holder; and having made the request, and appellee having complied with it, appellant should not be heard to raise the question for the first time in this court that the action does not lie. So that if it could be held that a suit against Eager, to settle their rights, was necessary before this suit was brought, still appellant induced the bringing of this suit, and can not at this time in the progress of the controversy raise that question. We are of opinion that the evidence, whilst it is not entirely clear and satisfactory, does sustain the finding, and it should not be disturbed. The judgment must be affirmed.

*Judgment affirmed.*