## Aultman & Co. v. Withrow.

1. *Rescission of Contracts.*—A rescission of a contract must be made in *toto*, and the parties to it placed in *statu quo*. So when a party used an engine from November until April following, in running a saw mill, a thrashing machine, a steam wood saw and in baling hay, and notwithstanding some defect it served the party's purpose, and according to his own testimony was of considerable value and profit to him, *it was held* that as it was not possible for him to return it to the vendor in its original condition, he could not rescind the contract.

2. *Breach of Warranty—Rescission.*—The rule seems to be well settled that in the absence of fraud, agreement to rescind in case of a breach or insolvency of the seller, or some like special reason, the buyer of property by an unconditional and complete sale can not demand a rescission of the contract simply because the warranty has failed. As a general rule, he must rely on the warranty and recover damages for its breach, or he may recoup such damages in an action against him for the purchase money.

**Memorandum.**—Bill in chancery to compel the surrender of notes. Appeal from a decree rendered by the Circuit Court of Sangamon County; the Hon. JACOB FOUKE, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892. Opinion filed October 31, 1892.

The opinion of the court states the case.

### APPELLANTS' BRIEF.

Willard, in his work on Equity Jurisprudence, says, page 303 : " An action to rescind a contract for mere breach of warranty, in the absence of fraud, will not lie in equity. The party can only sue for damages." This being an executed contract and no fraud being claimed, but merely a claim made of breach of warranty or failure of consideration, the decree should not have been entered. Thompson v.

Jackson, 15 Am. Dec. 721, and cases there cited. A party may, on showing breach of warranty, recover damages by suit brought at any time within statute of limitations, but a rescission must be made at once without unreasonable delay, and at least as soon as discovered. Benjamin on Sales (4th Am. Ed.), Sec. 900, 901; Chitty on Contracts, 573; Johnson v. McLane, 43 Am. Dec. 105; Masson v. Bovet, Id. 651 and note; Doane v. Dunham, 65 Ill. 516.

Conkling & Grout, solicitors for appellants.

### Appellee's Brief.

The appellants were the manufacturers of the engine, and there is an implied warranty that it was reasonably fit for the purposes for which it was manufactured, which supplements the express warranty. Benj. on Sales, 872, 873, note 40; Thorne v. McVeagh, 75 Ill. 81; Beers v. Williams, 16 Ill. 69.

Appellee had a right to rescind the contract. While some of the States of the Union have held that a contract can not be rescinded for such breach, our courts have uniformly held that the vendee has the right to return the property and demand a return of his notes. Howe Machine Co. v. Rosine, 87 Ill. 105; Sparling v. Marks, 86 Ill. 125; Beers v. Williams, 16 Ill. 69; Prickett v. McFadden, 8 Brad. 197; Hall v. Freeman, 59 Ill. 55; McCormick v. Snell, 23 Ill. App. 79; Underwood et al. v. Wolf, 131 Ill. 425.

Orendorff & Patton, and Patton & Hamilton, attorneys for appellee.

Opinion of the Court, the Hon. Carroll C. Boggs, Judge.

This was a bill in chancery filed by the appellee to compel the appellant company to surrender three certain notes executed and delivered to it by the appellee.

The decree of the court rendered upon a report of proofs taken before the master was that the prayer of the bill be granted; from which this appeal. The evidence shows

that the appellee on the first day of November, 1888, purchased of the appellant company, an engine thresher and patent stacker, for the gross sum of $1,750. He paid in cash $25, and for the balance gave three notes, one for $600, due in one year, one for $575, due in two years, and one for $550, due in three years. He was dissatisfied with the engine for some reason, not very definitely shown by the testimony, and after some controversy with the agents of the appellant company, about November 1, 1889, exchanged it for another engine belonging to the appellant, and gave in addition his note to the company for $225, and at same time paid his note of $600, then due. He then had this last engine, the stacker and thresher, and the appellant company held his three notes, two given when first engine, stacker and thresher were purchased, and the other given as difference in exchanges of engines.

He kept the engine from November until April, and during that time used it, with some interruptions because of the leaking of its flues. He complained to the appellant, and its agents on three occasions assisted in repairing it. In April the appellee tendered the engine back to appellant and demanded the return of all his notes, and this the decree of the court awarded to him.

The appellee contended that the engine was accompanied with an express verbal warranty that it was of good material and workmanship, and fit and proper for the use and purpose for which it was made, and so expressly warranted to continue for the space of one year; that the engine leaked at the flues and failed to do good work, and for that reason he refused to keep it.

The appellant company denied that the engine was warranted at all. The engine first sold was warranted in writing, but so conditioned that if the terms of that written warranty could be deemed to apply to the latter engine, it would avail the appellee nothing in this proceeding. He sought to prove that a verbal warranty was made when the engines were exchanged. We have examined the evidence bearing upon this alleged verbal warranty, and think the

preponderance is not with the appellee. In point of number the witnesses are against him, and we perceive no sufficient reason for giving greater credence to those who testified in his behalf. The case was submitted to the trial judge upon depositions taken before the master; hence, such judge had no means superior to ours for judging of the credibility of the witnesses, or the proper weight to be given to their testimony. The appellee was entitled to the benefits of the warranty implied by the law, that the engine was made of sound material and good workmanship. But we do not understand that a breach of the warranty contended for, or of the warranty implied by the law, would authorize the appellee to rescind the contract, and by tendering back the engine become entitled to demand, and have returned, all his notes held by the appellant.

One sufficient reason why he could not so proceed is that two of the notes were given in part payment of a gross sum due for the first engine, the separator and the stacker. We find no proof and do not understand that it is claimed that the appellant company accepted the $600, paid in discharge of the note of appellee first falling due as payment for the stacker and separator, or that there was any agreement that the unpaid notes should be considered as representing the purchase price of the engine alone.

We think the notes for $575 and $550, respectively, represented the unpaid balance of the gross amount contracted to be paid for the separator and thresher, and the engine first sold, and we can imagine no reason why these notes should be surrendered to the appellee, and he be allowed to retain the machinery for which the notes were in part given. Rescissions of contracts must be made in *toto* and the parties placed in *statu quo*. Then appellee used the engine from November until April in running a saw mill, a threshing machine, a steam wood saw, and in baling hay. While it may, during that time, have leaked at the flues, and in other respects not worked as it ought, yet it served appellee's purpose, and according to his own testimony, was of considerable value and profit to him. He had so used it that it was not possible to return it to the appellant in its original condition. This

# 496    Appellate Courts of Illinois.

deprived him, we think, of the right of rescission. The decree seems to proceed upon the theory that a breach of a contract of warranty authorizes a buyer to rescind the contract, without regard to character of the breach, or the amount of damages occasioned thereby.

This may well be doubted. Indeed, the rule seems to be well settled that, in the absence of fraud, agreement to rescind in case of a breach, or insolvency of the seller, or some like special reason, the buyer of property by an unconditional and complete sale, can not demand a rescission simply because the warranty has failed.

As a general rule, he must rely on the warranty and recover damages for its breach, or he may recoup such damages in an action against him for the purchase money. Addison on Contracts, Sec. 632; 2 Sutherland on Damages, page 417; Crabtree v. Kile, 21 Ill. 180; Owens v. Sturges, 67 Ill. 366.

We observe nothing in the circumstances of the case at bar to take it out of the operation of the general rule. Moreover, the decree appears to us inequitable. Its effect is to allow the appellee to retain the separator and stacker and yet have returned to him two notes, partly given for the machinery so retained. It allows him to return the engine after using it for about five months, without regard to the effect of such use upon it or to its condition, and receive in return three of his notes, two of which were partly given for other machinery which he retains, and all of this without taking into account or consideration the benefits and profits derived by the appellee from the use made of the engine. For these reasons the decree must be reversed and the cause remanded.