THOMAS E. MAYES AND L. C. PULLEN
v.
ROGERS, SCHWARTZ & CO.

*Sales—Fruit Evaporators—Warranty—Breach—Rescission of Contract.*

1. The right of return of goods sold and warranted exists where the contract is unexecuted, or there is a stipulation that the property may

be returned if not found to be satisfactory, or the warranty was accompanied with fraud in the sale.

2. If property purchased is accepted by the vendee, then in the absence of fraud, it can not be returned. In such cases the contract of warranty exists during the life of the statute of limitations, and the remedy for a breach is upon it alone, and not upon the contract of sale.

3. The right to return property purchased with a warranty before acceptance, does not depend upon the contract of warranty, or the rescission of the contract in the absence of fraud, but upon the fact that the property is not of the kind or quality contracted for. Such being the case, the purchaser may return the property, if done within a reasonable time, but in so doing he does not rescind the contract.

4. The vendee may, notwithstanding such return, insist on the vendor complying with it, and on failure to do so may recover damages, or he may refuse to receive or accept other property after such return on the ground of the failure of the vendor to comply with his contract, if the contract itself does not reserve to the vendor such right of furnishing other property under the contract, and in compliance therewith. Until the vendor delivers the kind of property purchased, or the property delivered is accepted by the vendee, the contract of purchase remains executory, and the contract of warranty remains in abeyance; for, primarily, the warranty only becomes vitalized so that an action may be maintained upon it when the contract of sale becomes executed by an acceptance of the property, express or implied.

5. Receipt does not always amount to acceptance: it becomes so if the right of rejection is not exercised within a reasonable time.

6. This court holds as proper a refusal to allow defendants to show that they had tendered back the evaporators in question, in rescission of the contract involved before the present suit was instituted, no fraud being claimed, in view of the averments of the declaration that one of the appellants had, before suit, purchased the interest of the other.

[Opinion filed March 11, 1893.]

APPEAL from the Circuit Court of Marion County; the Hon. B. R. BURROUGHS, Judge, presiding.

Messrs. SCHAEFFER & SONS, for appellants.

Messrs. H. C. GOODNOW and T. E. MERRITT, for appellees.

MR. JUSTICE SAMPLE. The appellants bought of the appellees two new process fruit evaporators, and obtained a warranty as to their capacity.

The case was submitted to a jury, which found for the appellees, and after a careful examination of the evidence, we are unable to say that finding should be set aside. It is clearly proven—a matter, however, of common observation and experience—that it takes time and experience to get the full results in the operations of such apparatus. There was much evidence introduced which tended to show that the evaporators, when properly operated, had the capacity stated in the warranty.

It is urged that the court committed reversible error in not permitting appellants to show that they had tendered back the evaporators in rescission of the contract, before their suit was instituted. It is not apparent what effect such ruling could have had on the result of the trial, in view of the fact that the jury found there was no breach of the contract. The ruling of the court, however, was correct in view of the averments of the declaration, which set forth that one of the plaintiffs had, before the suit was begun, purchased the interest of the other in the evaporators.

The law in this State is not as laid down in Benjamin on Sales, Sec. 888, where the case of Sparling v. Marks, 86 Ill. 125, is cited under note "A," as authority for classifying Illinois among those States which hold that the purchaser has a right to rescind the contract and return the goods purchased, in all cases of a breach of warranty, expressed or implied. That case does not justify such classification. In the first place, the facts in that case show, first, that there was gross fraud practiced in representing a crystal, which was worth only a few dollars, to be a diamond for which the purchaser agreed to pay $100, which of itself would justify the rescission of the contract; second, the title to the property—the finger ring—had not passed to the purchaser, as the crystal, together with the ring of the purchaser, was placed by agreement of the parties in the hands of a third party in pledge, or as security for the payment of the $100, and hence the contract was not an executed one.

The right of return of goods is summarized in the case of Owens v. Sturges, 67 Ill. 36, in this language: "First, where the contract is unexecuted; or, second, there is a stipulation that the property may be returned if not found to be satisfactory; or, third, if the warranty be accompanied with fraud in the sale." This case lays down the true doctrine. We know it is often said, the remedy of the purchaser of property with a warranty is to either return the property, or retain it and recover damages on the contract of warranty, in case of a breach. That statement of the law is relatively, but not strictly, correct, if made without limitation of time or circumstances. If the property purchased is *accepted* by the vendee, then *in the absence of fraud* it can not be returned; for after acceptance, the contract of sale is *executed*, and in such case it is illogical to assert that such a contract can be rescinded. After the execution of the contract of sale it ceases to exist as a contract, and therefore there is nothing for a rescission to operate upon. In such case, however, the contract of warranty exists during the life of the statute of limitations, and the remedy for a breach is upon it alone, and not upon the contract of sale. The right to return property purchased with a warranty before acceptance does not depend upon the contract of warranty or the rescission of the contract, in the absence of fraud, but upon the fact that the property is not of the kind or quality contracted for. If the property delivered is not of the kind contracted for, then the *real* contract has never become operative, and the purchaser in such case may return the property, if done within a reasonable time, on that ground. In so doing he does not rescind the contract. He may, notwithstanding such return, insist on the vendor complying with it, and on failure to do so, may recover damages, or on the other hand, he may refuse to receive or accept other property after such return, on the ground of the failure of the vendor to comply with his contract, if the contract itself does not reserve to the vendor such right of furnishing other property under the contract and in compliance therewith. Until the vendor delivers the kind of property pur-

chased, or the property delivered is accepted by the vendee, the contract of purchase remains executory, and the contract of warranty remains in abeyance; for, primarily, the warranty only becomes vitalized so that an action may be maintained upon it, when the contract of sale becomes executed; that is, when there is an acceptance of the property, express or implied, by the vendee.

What constitutes an acceptance, is sometimes difficult to determine. The buyer is not precluded from objecting to property, merely because he has received it, for receipt is one thing, and acceptance is another. But receipt will become acceptance, if the right of rejection is not exercised within a reasonable time (Benjamin on Sales, Sec. 703), or, as said in the case of Underwood v. Wolf, 131 Ill. 436, if he has exercised acts of ownership, as by offering to re-sell the property, or has retained it for a longer time than was reasonable for a trial, or for testing it, which facts show an agreement of acceptance. Applying the rules of law here laid down, and it is clear that under the pleadings, the appellants had no right to show an offer to return the property, no fraud being claimed. The judgment is affirmed.

*Judgment affirmed.*