## James McMillan et al., for use of, etc., v. Martin De Tamble.

1. INSTRUCTIONS—*Where the Evidence is Conflicting.*—Where the evidence is conflicting it is important that the jury should be accurately instructed.

2. SAME—*Erroneous Propositions of Law.*—An instruction which presents as a proposition of law that a written contract can not be varied by subsequent transactions or conversations is erroneous.

3. CONTRACTS—*When an Oral Warranty Can Not Be Shown.*— Where a contract is in writing and does not contain a warranty, but only a guaranty to keep the article sold in good condition for a time stated, an oral warranty made at the time or previously, can not be shown.

4. SALES—*Where a Buyer May Retain the Property and Show a Warranty and Breach to Reduce the Recovery.*—Where the contract of sale is unexecuted the buyer may retain the property and show the warranty and breach to reduce the recovery, even though he has neglected to return the property upon discovery of the breach.

5. SAME—*Buyer's Right to Return the Property—Warranty of Quality.*—A buyer will lose the right of returning goods delivered to him under a warranty of quality, if he has shown by his conduct an acceptance of them, or if he has retained them for a longer time than was reasonable for a trial.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the March term, 1900. Reversed and remanded. Opinion filed January 24, 1901.

Statement by the Court.—Appellants brought suit before a justice of the peace to recover the purchase price of a furnace claimed to have been sold to appellee under a contract embodied in the following written proposition and acceptance thereof, viz.:

"CHICAGO, August 8, 1895.

MR. DE TAMBLE, Jefferson Street, City.

DEAR SIR : We propose to equip the boiler in your building on Congress street with James McMillan Smokeless Furnace, complete, for the sum of $150, on the following conditions : We will give you thirty days' trial of the furnace, and if it does not economize fuel and raise the effi-

ciency of the boiler and prove satisfactory to the smoke inspector of the city, we will remove the furnace without cost to you, and leave your boiler setting in first-class condition. Should our furnace be accepted by you, at the expiration of thirty days we are to receive $125 cash, and $25 at the expiration of one year from date of the putting in of our device, our furnace at that time being put in good condition.

Very respectfully,
JAMES McMILLAN & Co."

" CHICAGO, August 8.
JAMES McMILLAN & Co., 21 South Canal street.

DEAR SIRS: I hereby accept your proposition made me August 8, 1895, to equip my boiler, located in building on Congress street, with the James McMillan Smokeless Furnace on the conditions embodied in your proposition.

Yours truly,
MARTIN DE TAMBLE.

You can begin work on Sunday, August 11, 1895."

Across the corner is written: " We will guarantee to keep your furnace in good condition one year free of charge."

Judgment of $125 was recovered before the justice, from which De Tamble appealed to the Circuit Court, where a trial before the court and a jury resulted in a verdict in favor of the defendant, the appellee here, and judgment thereon, from which this appeal is taken. The evidence is strongly conflicting, and it is claimed by counsel for appellee that as to whether it preponderated in favor of appellants or appellee was a question for the jury.

The following instruction requested by appellants was refused by the court, viz.:

" The court instructs the jury that if you believe from the evidence that the plaintiff performed and completed the contract sued upon, and that the defendant had the thirty (30) days trial provided in the contract, and did not within and at the expiration of that time reject the same, nor pay the money agreed to be paid thereunder, you must find for the plaintiff."

The court, at the request of the defendant, with another instruction, gave the following, viz:

" The court instructs the jury that in order to recover in

this case the plaintiffs must prove by a preponderance or greater weight of the evidence, that the smoke consumer which they furnished to the defendant saved fuel, prevented smoke, and increased the efficiency of the defendant's boiler, and that it was satisfactory to the smoke inspector of the city of Chicago."

JOHN M. DUFFY, attorney for appellants.

JAMES C. MCSHANE, attorney for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

The questions presented upon the trial for the consideration of the court and jury were, in substance, first, whether appellants had performed their contract, and second, if they had not performed it, whether appellee waived performance, accepted the furnace, and was therefore liable for the contract price· notwithstanding. No evidence was offered by appellee claiming damages as for a breach of the contract, but his sole contention was that he never accepted the furnace. No assignments of error except as to instructions are argued.

It is stated by counsel for appellant that the cause was tried twice in the Circuit Court, by a jury, the first trial resulting in a disagreement, and the second (in which, as has been stated, the evidence is strongly conflicting) in a verdict for the defendant. In such case it is important the jury should be accurately instructed. Chicago City Ry. v. Canevin, 72 Ill. App. 83, and cases cited.

The second instruction requested by the plaintiffs, above quoted, would be the law as applied to the facts presented by this record if it did not make their right of recovery depend upon the defendant rejecting the furnace both within and at the expiration of the thirty days' trial provided in the contract. The word "and" following the word "within" should have been changed to "nor," and the instruction, thus modified, given, or something of a similar import. No instruction presenting plaintiffs' side of the case was given, and while it was not error to refuse the

plaintiffs' second instruction as presented, we are inclined to the view that a different verdict might have been reached had some instruction been given to the jury presenting the plaintiffs' theory of their case. This instruction would not, however, be proper in case the defendant introduced evidence of damage and sought to set off or recoup such damage, without a modification in that regard.

The plaintiffs' first instruction merely presents an abstract proposition of law, which is not a correct one, and even if it were correct, as no application of it is made to the facts of the case, it was not error to refuse it. It is not the law that a written contract can not be varied by subsequent transactions, or conversations, as is stated by this instruction.

The third instruction, given at the request of defendant, is not the law as applied to the contract here under consideration. It makes the right of plaintiffs' recovery depend upon their proving by a preponderance of the evidence that the furnace, or, as it is called in the instruction, " the smoke consumer, saved fuel, prevented smoke and increased the efficiency of defendant's boiler, and that it was satisfactory to the smoke inspector of the city of Chicago." This was not the contract of plaintiffs, and is more than they were required to show in order to entitle them to a recovery. The undertaking of the plaintiffs was to furnish their smokeless furnace, complete, on a thirty days' trial, and if it did not economize fuel, raise the efficiency of the boiler and prove satisfactory to the smoke inspector of the city, then that they would remove it without cost to the defendant and leave his boiler setting in first-class condition. Plaintiffs did not warrant or agree that the furnace should do these things, but only that they would remove it if it did not. Under the terms of the contract defendant could only require its removal if the furnace did not accomplish these things within or at the expiration of the thirty days' trial, and also might have accepted the furnace during or at the expiration of the thirty days' trial, or after, although it should not have done either of the things which plaintiffs

claimed for it, and relied upon his claim for damages for a breach of the contract. It was not a pre-requisite to plaintiffs' right of recovery under the contract that they should prove by a preponderance of the evidence the matters required to be shown by the instruction. Underwood v. Wolf, 131 Ill. 425–35.

This contract being in writing, and not containing a warranty—only a guaranty to keep the furnace in good condition for one year, an oral warranty made at the same time or previously, can not be shown. 1 Beach on Mod. Law of Contracts, Sec. 269, and cases cited; Carleton v. Lombard, 25 N. Y. Sup. 570–4; Deming v. Foster, 42 N. H. 165; Whitmore v. South B. I. Co., 2 Allen, 52–8; Shepherd v. Gilroy, 46 Ia. 193.

There was evidence tending strongly to show that the defendant made no objection to the furnace during the thirty days' trial of it, which was given; that he did, in fact, accept it, and made no objection to paying for the furnace until long after the expiration of the thirty days; also, that the furnace complied with the conditions mentioned in the contract. In the Underwood case, *supra*, the following language is quoted from Benjamin on Sales with approval, viz.:

" The buyer will also lose his right of returning goods delivered to him under a warranty of quality, if he has shown by his conduct an acceptance of them, or if he has retained them a longer time than was reasonable for a trial."

The court also states that in Owens v. Sturges, 67 Ill. 366, " It was held that where the contract is unexecuted the buyer may retain the property and show the warranty and breach to reduce the recovery, even though he neglected to return the property upon discovery of the breach," and after a somewhat extended reference to the decided cases, holds that an instruction for the plaintiff which, in substance, placed the burden of proof upon the defendants, who relied for a defense upon a breach of an express warranty, was proper. See, also, Morris v. Wibaux, 159 Ill. 627–43; Prairie Farmer Co. v. Taylor, 69 Ill. 440; Doane v.

Dunham, 65 Ill. 512; Mears v. Nichols, 41 Ill. 207; 28 Am. & Eng. Ency. Law, 776, and cases cited.

For the error in giving defendant's third instruction, the judgment is reversed and the cause remanded. Reversed and remanded.