### Benjamin Mayer v. The Automobile Exchange.

#### Gen. No. 12,287.

1. WARRANTY—*right to recover damages for breach of.* Damages consisting of the difference between the actual value of an article of personal property purchased and the value of the same if it had been as warranted, may be recovered without tendering back such article of personal property.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Reversed and remanded. Opinion filed March 23, 1906.

**Statement by the Court.** Appellant purchased a second-hand automobile of appellee, who it is said was acting for a third party. Subsequently he sued upon two special counts for an alleged breach of warranty of the machine, adding the common counts to the declaration. The bill of particulars, filed in obedience to an order of court, recites that plaintiff sues to recover $250 paid for the automobile, $5 a month for costs and expense of storing it, outlays in attempting to repair, and for certain tools owned by him, retained by defendant, and states that the "suit is based upon the breach of the conditions of warranty."

◊

At the conclusion of the plaintiff's evidence, the court on motion of the defendent directed a verdict, and gave judgment accordingly, from which this appeal is taken.

WILLIAM FRIEDMAN, for appellant.

HUTTMAN, BUTTERS & CARR, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is urged in behalf of appellant that the Superior Court erred in holding it incumbent on the plaintiff to show the machine had been tendered back to appellee and in excluding all testimony as to defects and damages; that there having been a sale and delivery of the specific chattel accompanied by an express warranty, the vendee had a right to take and use the chattel and sue for damages on the breach of warranty, and was not obliged to tender back the machine.

There was evidence in writing introduced in behalf of appellant tending to show that the machine was "guaranteed to be in perfect condition," and that it was delivered to and accepted by appellant. Under the two special counts upon the warranty, appellant could properly recover actual damages, if any, caused by its breach, viz.: the difference between the value of the automobile as warranted and its actual value in its alleged defective condition. It was not necessary to return or tender back the machine. Skinner v. Mulligan, 56 Ill. App., 47–49. It was said in that case (p. 51) the vendee's "remedy was upon the warranty alone and his right of recovery was limited to the amount of depreciation due to the breach." In Underwood v. Wolf, 131 Ill., 425–434, it is said "guaranties are treated as warranties and their non-fulfillment, if they were not fulfilled, will be regarded as a breach of the warranty." The well-settled rule is stated that where there is a sale and delivery of personal property *in presenti* with express warranty and the property turns out to be defective, the vendee may receive and use the property and sue for damages on a breach of the warranty, or when sued for the purchase price may recoup such damages under

the general issue or set them up in a special plea of set-off. The conditions under which merchandise may be returned by the purchaser or the contract rescinded are stated in Mayes v. Rogers, Schwartz & Co., 47 Ill. App., 372–375, to which reference may be had. In the case at bar, the machine was accepted by the purchaser and his remedy was upon the warranty. He had no right to rescind the contract, and made no attempt to do so.

It is claimed in behalf of appellee that under the bill of particulars,—assuming it to be properly entitled to consideration as the record stands—no proof could be offered by appellant except such as was admissible under the common counts. In this the trial court apparently agreed and erroneously excluded evidence of breach of warranty and of damages. The special counts were on file. Appellant was seeking to recover under those counts. The bill of particulars itself states that the "suit is based upon a breach of the conditions of warranty." Appellant claims the automobile as delivered had no value. He was entitled to offer evidence, if any he had, tending to support the contention that he was damaged to the extent of the purchase price.

We deem it unnecessary to consider the cross errors assigned or the motion to strike out the original bill of exceptions. The stipulation is sufficient.

The judgment of the Superior Court must be reversed and the cause remanded.

*Reversed and remanded.*