## E. H. Bauch, Appellee, v. C. A. Coey & Co., Appellant.

## Gen. No. 14,995.

VERDICTS—*when not disturbed.* A verdict will not be set aside on review if it appears that the same is supported by the evidence.

Assumpsit. Appeal from the County Court of Cook county; the Hon. WILLIAM H. HINEBAUGH, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 17, 1910.

BENJAMIN LEVERING, for appellant.

GUSTAV E. BEERLY, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an action to recover damages for breach of warranty. The plaintiff purchased of defendant a second hand automobile. The contract of purchase was in writing and contained a guaranty as follows: "You to guarantee automobile to be in good running order and thoroughly overhauled." According to the contract the purchase price was to be $1,500, but the actual price agreed upon was $850, the larger sum having been put in the contract, it is said, "to show up better" in case of future sale.

After delivery of the machine the plaintiff was unable, as there is evidence tending to show, to make it operate. It broke down repeatedly and finally plaintiff left it in a garage and wrote defendant as follows: "I hereby wish to further notify you that the car is now at Sheridan Garage or Automobile Livery, 3096 N. Clark street, telephone Edgewater 1864, subject to your order and disposition. I have this day notified the Sheridan Garage to turn the said car over to you, you not having carried out your part of our contract. I hereby demand of you the return of the sum of $850, being the amount paid you by me under said contract." The plaintiff in his declaration claimed dam-

ages to the amount of $1,000 for breach of the warranty. The jury returned a verdict in his favor for $850 and judgment was entered on the verdict.

It is urged by defendant that the allowance by the verdict and judgment of the exact sum originally paid for the machine amounted to a rescission by process of law in a  case where rescission of the contract is not legally possible; that the remedy for breach of contract in case of an executed contract of sale is damages calculated on the failure of the article to fulfill the warranty and is not rescission.    There is no controversy as to the law.    In this case, however, the suit has been brought and recovery had for damages for a breach of warranty.    It is not material that plaintiff by his letter placed the car at the defendant's disposal and demanded the return of the purchase price.    The suit here is not so far as appears nor necessarily based upon such theory.    It is said by defendant's attorney that there is no ·evidence of the worthlessness of the car and that to sustain the verdict it was absolutely essential the plaintiff should prove such worthlessness; that to enable the jury to fix damages they must have had evidence tending to show the actual value of the car as delivered and what its value would have been had it been as represented by defendant, since the measure of damages in an action for breach of warranty, is the difference between the value of ·the property at the time of the sale and what its value would have been had it been as warranted to be.    There is, however, evidence which in our opinion justified the jury in concluding that there had been a complete failure of the contract of guaranty and that the automobile was not ''in good running order and thoroughly overhauled.''    There is evidence tending to show not only that it was not in good running order and overhauled, but that for any uses to which a car could be put by plaintiff at least it was without value; that the difference between the car contracted for and the car delivered was the sum

allowed by the verdict. The price demanded and paid tended to show what its value would have been had the car been as warranted. There was testimony of experts called in behalf of plaintiff tending to show the radiators leaked, that various important parts and connections were loose and in bad condition, that piston rings were worn, valves out of order and cylinders would not operate. One expert testified that it "looked to me as if the car had run for a couple of years and nobody touched a screw or anything on it."

It is urged on behalf of plaintiff that the warranty under the evidence referred to is shown to have been accompanied with fraud in the sale, and that even though the contract was fully executed, the purchaser upon discovering the fraud had the right to rescind; but that the car as delivered was not what the contract called for, and therefore the real contract never became operative, and in returning the property the plaintiff was not rescinding. Citing Owens v. Sturges, 67 Ill. 366. However that may be, we are of opinion the verdict and judgment are supported by the evidence.

Finding no sufficient grounds for disturbing the judgment, it will be affirmed.

*Affirmed.*