# CASES

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1910.

---

## J. I. Case Threshing Machine Company, Appellant, v. Alfred Puls et al., Appellees.

### Gen. No. 5221.

1. CONTRACTS—*effect of non-reply to written proposition.* *Held,* that a failure to reply to a proposition of adjustment or compromise was to be construed as an acceptance thereof, and that, accordingly, the terms of a written contract of warranty were modified to the extent of the proposition so made and accepted.

2. SALES—*return of merchandise upon breach of warranty.* Unless the contract of warranty so provides merchandise warranted cannot be returned to the vendor; if the contract does so provide such merchandise must be returned at the place designated and within the time specified in the contract of warranty.

3. DAMAGES—*what competent in mitigation, in action for purchase price of merchandise.* Failure of machinery to perform the work for which it was warranted may be shown in mitigation of damages in an action for the purchase price.

4. DAMAGES—*when evidence in mitigation not competent in action for purchase price.* Where a written contract of sale of machinery contains an express warranty and provides that in case of a breach of warranty the buyer shall return the machinery and the seller shall have the option to furnish another machine or return the purchase money notes, the buyer, in case of a breach of warranty, is bound to elect within a reasonable time whether he will return the machinery and claim a cancelation of the purchase money notes, or the delivery of proper machinery in lieu of that found deficient, and failing to do so, waives the breach and he cannot retain the machinery and claim damages in an action for the price.

Judgment by confession. Appeal from the County Court of Boone

county; the Hon. LOUIS M. RECKHOW, Judge, presiding. Heard in this court at the April term, 1910. Reversed and remanded. Opinion filed October 18, 1910.

**Statement by the Court.** A judgment by confession was entered for $288.80, in vacation in the County Court of Boone county, on May 5, 1908, upon a promissory note for $220, interest and attorney's fees, in favor of the J. I. Case Threshing Machine Company against Alfred Puls, Howard H. Hicks and S. H. Luhman. Afterwards at the June term, the defendants filed a motion and affidavit in support thereof asking that the judgment be vacated. This motion was allowed and the defendants given leave to plead. At the December term, the plaintiff amended its declaration by including therein a second promissory note for $220 similar in form to the first note but due January 1, 1907.

The defendants filed pleas of the general issue and of a breach of warranty, whereby the consideration for said notes had wholly failed. A *similiter* was filed to the first plea, and a replication to the second plea that the defendants had not performed the conditions required by the contract in the second plea mentioned. Upon a trial there was a verdict in favor of the defendants and judgment rendered thereon. The plaintiff appeals from that judgment.

The record shows that the appellant is a Wisconsin corporation engaged in the manufacture of corn huskers and other farm machinery with its place of business at Racine. On October 11, 1906, the appellees signed an order upon a printed form of appellant for one Case husker-shredder with wind stacker and bagger to be delivered at Belvidere or other convenient station in Illinois. The appellees were to receive the machinery on arrival, subject to the terms of a warranty printed in the order, to pay freight and charges upon delivery of the machinery, and to execute and deliver to appellant three notes for the total sum of $650, the purchase price; two of the promissory notes to be for $220 each, one due January 1, 1907, the other

due January 1, 1908; the third note to be for $210 due January 1, 1909. On October 17th, the machinery was delivered to the appellees, and on October 18th, the notes were executed and delivered. The first two notes are involved in this suit.

By the terms of the order the machine:

"Is warranted to be made of good material and durable with good care, to do as good work under same conditions as any made in the United States of equal size and rated capacity. * * * If after trial of ten days by the purchasers said machinery shall fail to fulfill the warranty, written notice thereof shall be at once given to J. I. Case Threshing Machine Company at Racine, Wisconsin, and also to the agent through whom received, stating in what parts and wherein it fails to fulfill the warranty, and reasonable time shall be given to said company to send a competent person to remedy the difficulty, the purchaser rendering necessary and friendly assistance, said company reserving the right to replace any defective part or parts. If then the machinery cannot be made to fulfill the warranty the part that fails is to be returned by the purchaser free of charge to the place where received and the company notified thereof, and at the company's option another substituted therefor that shall fill the warranty, or the notes and money for such part immediately returned and the contract rescinded to that extent and no further claim made on the company * * * Failure so to make such trial or to give such notices in any respect shall be conclusive evidence of due fulfillment of warranty on the part of the company and that the machinery is satisfactory to the purchasers and the company shall be released from all liability under the warranty * * * If any part of the machinery fails from defect of material, while this warranty is in force, the company has the option to repair or replace the same, on presentation of the defective part or parts, but deficiency or defect in any piece shall not condemn other parts, and purchaser expressly waived all claim for damages on account of non-fulfillment of said warranty by any of the above described machinery. Each machine and attachment is ordered at a separate fixed price. * * *

This order is divisible as to each machine and attachment ordered, and failure of any separate machine and attachment to fill the warranty shall not affect the liability of the purchaser for any other machine or attachment hereby ordered. Should any machine or attachment be subject to return under this order it is to be returned at the separate fixed price at which it was sold as above provided. * * *"

The order for the machinery was taken by F. B. Crawford, an agent of appellant. At the time the order was taken machinery of the description specified was in the possession of Hicks who, as agent for appellant and whose agency had terminated September 30, 1906, had exhibited it at the county fair at Belvidere but then had it on a farm known as the Wheeler farm, where Hicks lived, a mile north of Belvidere. The machinery was delivered to appellees October 18, 1906, at the Wheeler farm. After the machinery was delivered it was taken by Hicks to the farm of Puls, three miles west of Belvidere, and set up for operation the last of October. On November 1st, the machine was started and the work of Puls completed. It was then used in husking and shredding corn for four or five neighbors, the machine being used about eight days. The work done by the shredder was not satisfactory to appellees. They claim that it shelled more corn than other machines of that kind, and that the ears of corn would pile up on the husking rolls, requiring the stopping of the machine to clean it out; that a good many ears came out of the machine unhusked and that the machine would only turn out from twelve to fifteen loads per day, while other machines turned out from eighteen to twenty-five loads per day. Three days after the machine was started, Crawford, the sales agent of appellant, visited the appellees in response to a verbal complaint made to him. On November 14th, Hicks wrote to the general agent of the appellant in Chicago and claims to have written on November 15th to the appellant at Racine, but there is no evidence in the record as to the contents of either letter.

On November 19th, one Mainland, an agent of the company, went to the farm where the machine was and remained nearly a week making repairs and adjustments. When he left, the machine appears to have been running no better than before. The machine was then upon the farm of Riedell, south of Belvidere. From Riedell's the appellees took the machine to the Wheeler farm and the machine was not used again that season. On December 3rd, Hicks wrote to the appellant at Racine giving a general history of their use of the machine and of the attempts of appellant to make it work, and that the machine had not yet fulfilled the warranty, the letter concluding "that if you wish to put this machine in condition to fill the warranty we will take the machine next season on the same terms, namely, you send our notes here to Mr. Crawford or to the First National Bank and we will give new notes running one year without interest. We to house and care for the machine until next season, when we will give it another trial and then if it fills the warranty we will accept it. We think this is a fair and liberal offer, or if you prefer you may have the machine F. O. B. at this station subject to your order. Please write us about it at once."

The record does not show that appellant made any response to this proposition. On October 1, 1907, the next year, before the husking season had begun, Mainland, the agent of appellant, again appeared and overhauled the machine. At the opening of the husking season of 1907, about November 1st, appellees operated the machine about a day and a half upon the farm of Luhman. It did not work satisfactorily and they ceased operating it and left it standing on the Luhman farm; later they put it into the Luhman barn about a mile north of Belvidere where it remained nearly a year. A few days after they ceased operating it, Hicks notified Crawford, the agent of appellant at Rockford, that the machine did not work any better than before, but did not write to the appellant at Racine. In October, 1908, about two months before

this case was tried the machine was hauled back to the farm of Wheeler where it was at the time of the trial.

WILLIAM BIESTER, for appellant; CARY, UPHAM & BLACK, of counsel.

B. A. KNIGHT, for appellees.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Under the contract of warranty appellees, after giving appellant a reasonable opportunity to make the machine fill the warranty, if it then did not, were to return the machine to appellant at the place where it was received and notify the appellant thereof by notice in writing to appellant in Racine, Wisconsin, and also to the agent through whom it was received. The appellant received the letter of December 3, 1906, written by Hicks, and by not replying to it appears to have consented to the proposition of appellees to retain the machine until the next season and then try it again. The failure to reply to this letter was an acceptance of the proposition of appellees and a modification of the written contract to that extent, the contract of warranty remaining in force as modified.

After appellant had attempted in October, 1907, to adjust or repair the machine, and appellees in November again tried it, it appears to have still failed to fulfill the warranty. It was then the duty of the appellees under the contract, within a reasonable time thereafter, to return the machine to the place where they received it, and to give appellant notice of such return. After the trial of the machine, about November 1, 1907, appellees notified appellant's agent at Rockford that it did not fill the warranty, but did not notify appellant at Racine in writing, and did not return the machinery to the Wheeler farm where they received it, as required by the contract. In October, 1908, about two months before the trial in the County

Court, and five months after the entering of the judgment under the *cognovit,* appellees hauled the machinery back to the Wheeler farm where it had been delivered to them. Such is the case as presented on the part of appellees.

Property in this state cannot be returned by the purchaser because of a breach of warranty, unless the contract of sale provides for the return, and then the return must be made in compliance with the terms of the contract. Where goods are sold with a warranty and there is no fraud in the warranty, then the vendee on a breach of the warranty may not return the goods without the consent of the vendor, and if there is a stipulation that they may be returned, they must be returned within the time fixed in the contract, or if no time is fixed, then they must be returned within a reasonable time. If the goods are not returned, however, the purchaser may show the warranty and the breach in mitigation of damages to reduce the recovery. Owens v. Sturgis, 67 Ill. 366; Crabtree v. Kile, 21 Ill. 180; McMillan v. De Tamble, 93 Ill. App. 65; Tokheim Mfg. Co. v. Stoyles, 142 Ill. App. 199.

To this general rule, however, there is the exception that parties to a warranty may agree on a remedy for a breach and make it exclusive. Where a written contract of sale of machinery contains an express warranty and provides that in case of a breach of warranty the buyer shall return the machinery and the seller shall have the option to furnish another machine or return the purchase money notes, the buyer, in case of a breach of warranty, is bound to elect within a reasonable time whether he will return the machinery and claim a cancellation of the purchase money notes, or the delivery of proper machinery in lieu of that found deficient, and failing to do so waives the breach and cannot retain the machinery and claim damages in an action for the price. Gaar Scott & Co. v. Hodges, 28 Ky. L. R. 889; Avery Planter Co. v. Peck, 86 Minn. 40; McCormick & Co. v. Allison, 116 Ga. 445; Westbrook v. Reeves, 133 Ia. 655. A contract may be so

framed as to deprive a party of his legal right to an action for damages in case of a breach, and to require him in lieu thereof to return the property and accept other property that will satisfy the warranty. Kemp v. Freeman, 42 Ill. App. 500.

In this case one provision of the contract is that if the machinery cannot be made to fill the warranty the part that fails is to be returned to the purchaser where received, and the company notified and at the company's option another substituted therefor, that shall fill the warranty, or the notes and money for such part returned and the contract rescinded to that extent; another provision is that the "purchaser expressly waives all claim for damages on account of the non-fulfillment of said warranty of the above described machinery;" still another is "it is further understood and expressly agreed that any breach of this warranty  *  *  *  on the part of the company does not confer any right of damage for delay or loss of work or earnings or to other damages." The contract is one prepared by appellant with a view of limiting the remedy of the purchaser, for a breach of warranty, to a return of the particular part of the machinery that is the cause of the breach, after a number of necessary contractual prerequisites have been performed by the purchaser; and the purchaser at the same time is required to keep and pay for the remainder of the machinery, which may be useless without the parts that are returned.

It is not the province of courts to make contracts for parties and parties are bound by their contracts which are not in conflict with the statutes or against public policy. Upon the showing of appellees they did not return the machine to appellant at the place where received within a reasonable time, but left it on the farm of Luhman, one of appellees, until about five months after this suit was begun and a year after they decided not to retain it. They had waived their right to return it before they attempted to return it. By their offer of purchase they waived their right to

claim damages on account of a breach of warranty and may not now recoup against the notes.

At the close of all the evidence, appellant requested an instruction directing the jury to return a verdict, in favor of appellant, for the amount of the notes in evidence and ten per cent attorney's fees as provided for in the notes. This instruction the court refused.

The appellant having proved its case and the appellees having failed to prove a defense the court erred in refusing the instruction.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*