## John D. Farris et al., Appellant, v. Claud C. Alfred et al., Appellees.

SALES—*when implied warranty does not arise.* One selling an automobile to another intending to use it for a particular purpose does not impliedly warrant its fitness for such use.

Assumpsit. Appeal from the Circuit Court of Coles county; the Hon. T. N. COFER, Judge, presiding. Heard in this court at the May term, 1910. Reversed and remanded. Opinion filed October 18, 1910.

J. H. MARSHALL, for appellants.

JAMES VAUSE, JR., for appellees.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in assumpsit upon a promissory note for $825 executed by appellees and payable to appellants. The trial resulted in a verdict for the defendants. The note was given in payment for an automobile purchased by appellee, Claud C. Alfred, from appellants. The declaration consisted of a special count on the note in question, to which the defendants filed a special plea alleging that the plaintiffs "warranted said automobile to give good service on a rural mail route over which said Claud C. Alfred was then carrying United States mail, and that said automobile would give swifter and better service than a horse and buggy he had been using prior to the date of the sale, and further warranted that said automobile was and would be fit for the purpose of delivering United States mail on said rural route." The plea then alleges a breach of such supposed warranty, and avers a return and delivery of the automobile to plaintiffs and that they had the same under their control and in their possession, by reason whereof the consideration upon which said note was made had

wholly failed. A demurrer was interposed to said plea, and overruled, whereupon the plaintiffs replied double, traversing the warranty, breach and return of the automobile to the plaintiffs as alleged in the plea.

The cause was defended in the court below upon the theory that the plaintiffs warranted the automobile; that there was a breach of warranty; that the defendants therefore had the right to rescind the contract; that an offer to return the automobile was equivalent to a delivery, and that an acceptance of such return was unnecessary, and instructions were given at their request upon that theory. Counsel for appellees concedes in argument in this court, that the plea was demurrable and that the jury was improperly instructed, but now insists in this court that the evidence established the averments of the plea that the defendant, Claud Alfred, returned the automobile to the plaintiffs, and that at the time of the trial they had it in their possession and under their control; that a valid defense to the note was thus presented, and that the judgment should be affirmed.

After a careful examination of the record we are convinced that the present verdict and judgment should not be permitted to stand. The proof does not tend to show any warranty as alleged in the plea. The statements relied upon as such were but mere expressions of opinion upon matters of which Claud Alfred was at least as able to form a correct conclusion as were the plaintiffs. The plaintiffs had no special knowledge of the requirements of the mail service, while Alfred was familiar therewith. They were not material facts, and it is apparent that he bought the machine relying upon his own judgment. The rule invoked by the defense that because the plaintiffs knew that Alfred bought the machine for a particular purpose, they thereby impliedly warranted it to be suitable for the same, is inapplicable in

this case. The rule applies only to manufacturers. Fuchs v. Kitttredge, 242 Ill. 88.

Neither does the evidence show that the machine was returned to the plaintiffs by Claud Alfred and that they accepted the same. The evidence shows that the machine was purchased on August 7th, and was used by Alfred upon his mail route until November 7th, at which time he told Barger that he did not want the machine because it would not go; that Barger then went to the shed where Alfred kept the machine, and after cleaning certain portions of it, offered to go with him on his route and demonstrate that the machine would make the same route as well as it did the first time, but that Alfred refused to have anything more to do with it, and that Barger immediately ran it back and left it in the shed in which Alfred had kept it, where it still remained at the time of the trial. Furthermore, the theory of the defendants that if there was a breach of warranty, Alfred had a right to rescind the sale and tender the machine back to the plaintiffs, is untenable. In a case of breach of warranty under an executed contract, in the absence of fraud, the vendee has no right to rescind the contract and return the goods. Crabtree v. Kile, 21 Ill. 180; Doane v. Dunham, 65 Ill. 512; Owens v. Sturges, 67 Ill. 366; Skinner v. Mulligan, 56 Ill. App. 47; Mayer v. Auto. Ex., 125 Ill. App. 648; Tokheim v. Stoyles, 142 Ill. App. 201. His remedy is a suit for breach of warranty or the right of recoupment in a suit for the purchase price.

The judgment will be reversed and the cause remanded for further proceedings not inconsistent with the foregoing views.

*Reversed and remanded.*